199 N.J. Super. 107 (1985)
488 A.2d 1025
BLAZER CORPORATION, PLAINTIFF-APPELLANT,
v.
NEW JERSEY SPORTS AND EXPOSITION AUTHORITY, DAVID A. WERBLIN, CHARLES SERRAINO, ADRIAN M. FOLEY, JR., GEORGE F. KUGLER, JR., AUBREY C. LEWIS AND JOSEPH M. MCCRANE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1985.
Decided February 11, 1985.
*108 Before Judges BRODY and COHEN.
Robert S. Tobin argued the cause for plaintiff-appellant.
Donald A. Klein argued the cause for defendants-respondents (Winne, Banta, Rizzi, Hetherington & Basralian, attorneys; Joseph A. Rizzi, of counsel; Donald A. Klein, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
*109 Plaintiff contends that its manufacturing business was ruined when defendant New Jersey Sports and Exposition Authority (the Authority) condemned its factory to build the Meadowlands Sports Complex. The complaint demands damages from the Authority and its members for allegedly forcing plaintiff into bankruptcy by evicting it without first offering it the valuable relocation advice, services and financial aid that must be offered a tenant of condemned property pursuant to the Relocation Assistance Law of 1967 (N.J.S.A. 52:31B-1 et seq.), the Relocation Assistance Act (N.J.S.A. 20:4-1 et seq.) and various implementing regulations.[1]
Plaintiff was evicted August 15, 1974.[2] After conclusion of the bankruptcy proceedings, it first litigated these claims in a federal action brought exclusively under 42 U.S.C.A. § 1983. That action was commenced on August 13, 1980, two days short of six years after the eviction. The federal district court summarily dismissed all claims before trial, the Third Circuit affirmed and the United States Supreme Court denied plaintiff's petition for a writ of certiorari on June 13, 1983. Plaintiff commenced the present action 109 days later, on September 30, 1983. Plaintiff acknowledges that "the claims urged in the instant action formed the foundation of the Section 1983 action in the federal court."
In an opinion reported at 195 N.J. Super. 542, the Law Division held that this action was time-barred and entered summary judgment for all defendants. It determined that the claim against the Authority must be brought in accordance with the provisions of the Tort Claims Act (N.J.S.A. 59:1-1 et seq.) because that claim is against a "public entity" for an "injury" as those terms are defined by N.J.S.A. 59:1-3. It held that the *110 claim was barred by the two-year limitations period found in N.J.S.A. 59:8-8. The trial court further held that the claims against the individual defendants were also barred by the same statute (even though N.J.S.A. 59:8-8 does not expressly refer to claims against public employees) or by the six-year limitations period found in N.J.S.A. 2A:14-1, the general statute of limitations for a "tortious injury" or a "contractual claim" other than a claim for personal injury. Finally, the court held that plaintiff was also barred by the doctrine of laches.
Plaintiff raised only two points below respecting the time-bar defenses. It contended that its claims are "predicated upon the violation of state statutes" that contain no limitations period and are therefore not subject to the general statute of limitations or the Tort Claims Act limitations period. It also argued that the doctrine of laches cannot be summarily applied given the facts of this case. On appeal plaintiff adds that defendants are "equitably barred" from asserting any time-bar defense because they were responsible for the extended bankruptcy proceedings during which plaintiff was unable to assert these claims, the bankruptcy trustee having declined to undertake the expense of litigating them. Plaintiff further argues that the running of any limitations period should be tolled during the three years its claims were pending in the federal courts. We decline to pass on the issues raised by the time-bar defenses.
The trial judge did not find it necessary to discuss defendants' alternate reason for summary judgment although it was their main point below. Defendants argued then and argue now that plaintiff should be precluded by the single controversy doctrine from litigating its present claims, which are based on state law, because it failed to assert them in the federal court action. The argument is sound and we affirm on that ground.
The history and rationale for the single controversy doctrine were thoroughly reviewed by Justice Handler in Crispin v. *111 Volkswagenwerk, A.G., 96 N.J. 336, 348-351 (1984) (concurring opinion). He stated the doctrine as follows:
The entire controversy doctrine is a principle of judicial administration relating to the procedural disposition of a controversy that has reached the courts and must be resolved by judicial action. The entire controversy doctrine, properly understood, encompasses all judicially cognizable facets of a dispute. The doctrine therefore reasonably requires the joinder, in a single action leading to a comprehensive disposition, of all claims and persons implicated in the entire controversy when failure to effect such joinder will result in duplicate litigation of common issues that could have been resolved in the earlier action. [Id. at 348]
Applying the doctrine to encompass "all judicially cognizable facets of a dispute" requires us to look at whether the facet of the dispute being tendered for adjudication here was judicially cognizable in the prior federal proceeding.
United Mineworkers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), was the first case following adoption of the Federal Rules of Civil Procedure to consider the power of a federal court to exercise pendent jurisdiction over state claims that are joined with the federal claims. The court stated the rule as follows:
... The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. [Citation omitted]. The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues there is power in federal courts to hear the whole. [Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 227-228; emphasis in original]
It is thus evident that federal courts are in sympathy with the operation of the single controversy doctrine respecting claims that should be tried "in one judicial proceeding" "without regard to their federal or state character." Indeed the Seventh Circuit has gone so far as to enjoin a plaintiff who suffered an adverse summary judgment on its federal claims from suing the same defendants in a state court on related state claims that plaintiff had failed to assert in its federal action. Harper Plastics v. Amoco Chemicals Corp., 657 F.2d 939 (7 Cir.1981).
*112 We therefore hold that a plaintiff who brings an action in a federal court is obliged to include in his complaint all claims authorized under state law arising out of the same controversy or he will be barred by the single controversy doctrine from thereafter asserting the state claims in state court.
A federal court may decline to exercise pendent jurisdiction over state claims after dismissing all federal claims. Gibbs states that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," and recommends that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 383 U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228.
When a federal court declines to exercise jurisdiction over state claims that must be asserted under the single controversy doctrine, the doctrine will not bar reassertion of those claims in a state court action. We have held that plaintiffs who asserted related federal and state claims in federal court were free to reassert in state court the state claims that the federal court declined to adjudicate. Ferger v. Local 483, 94 N.J. Super. 554 (Ch.Div. 1967), aff'd, 97 N.J. Super. 505 (App.Div. 1967), certif. den., 51 N.J. 180 (1968). The single controversy doctrine is, after all, "one of judicial fairness and will be invoked in that spirit." Crispin v. Volkswagenwerk, A.G., 96 N.J. at 343.
The single controversy doctrine is available to bar plaintiff's claims, however, only if the federal court had the "power" to exercise pendent jurisdiction over those claims. The federal court had that power only if plaintiff's Section 1983 claims had "substance sufficient to confer subject matter jurisdiction on the court." Gibbs, 383 U.S. at 725, 86 S.Ct. at 1138, 16 L.Ed.2d at 227. Plaintiff contends that the Third Circuit ruled that plaintiff failed to establish the requisite subject matter jurisdiction. Plaintiff is mistaken. The Circuit Court affirmed the dismissal of plaintiff's claims in a brief opinion:

*113 Blazer Corporation appeals from a final order granting summary judgment against it on its Section 1983 complaint against the New Jersey Sports and Exposition Authority and certain of its officials. Since the complaint fails to state a cause of action for violation of that section, it is
ORDERED, ADJUDGED and DECREED that the judgment be and is hereby affirmed.
That language expresses a dismissal on the merits. This is explained in Bell v. Hood, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (1946):
... Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.
The action taken in the present case by the federal district judges was consistent with the conclusion that plaintiff's claims were dismissed on the merits, albeit before trial. Compare F.R.Civ.P. 12(b)(6) with F.R.Civ.P. 12(b)(1) and (b)(2). On February 9, 1981, Judge Clarkson S. Fisher ruled, "Although I do not pass on the ultimate merits of plaintiff's complaint, I do hold that it is an appropriate § 1983 action...." On December 7, 1981 Judge Harold A. Ackerman dismissed plaintiff's claim against the Authority on the ground that it was barred by the two-year limitations period of the Tort Claims Act. On March 15, 1982, Judge Ackerman summarily dismissed plaintiff's claims against the individual defendants for lack of evidence necessary to prove the purely federal aspect of the claims.[3]
Affirmed.
NOTES
[1] Plaintiff accepted $1,965,395 for the taking and for relocation benefits. The present claims are for consequential damages.
[2] The trial judge mistakenly referred to this date as August 14, 1975.
[3] Had plaintiff's federal claims been dismissed for lack of jurisdiction, its argument that the limitations period was tolled during the three years it was in federal court would be subject to a careful weighing of all the equities. See Galligan v. Westfield Centre Service, 82 N.J. 188 (1980).