**COOLEY, William, Appellant,**

v.

**PENNSYLVANIA HOUSING FINANCE AGENCY; Gerhold, Wayne D.; Smith, Karl C.; and Donadee, Michael A.**

No. 86–5896.

United States Court of Appeals,
Third Circuit.

Argued June 16, 1987.

Decided Sept. 30, 1987.

Debra K. Wallet (argued), Wallet & Christianson, Camp Hill, Pa., for appellant.

LeRoy S. Zimmerman, Atty. Gen., Jerome T. Foerster (argued), Deputy Atty. Gen., John G. Knorr, III, Senior Deputy Atty. Gen., Andrew S. Gordon, Chief Deputy Atty. Gen., Office of Attorney General, Litigation Section, Harrisburg, Pa., for appellees.

Before SEITZ and MANSMANN, Circuit Judges, and DEBEVOISE, District Judge.*

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

This appeal comes before us on review of entry of summary judgment in favor of a state agency, the Pennsylvania Housing Finance Agency, ("PHFA"), and against a former employee of the agency, William Cooley. Cooley asserted both federal and state claims for damages allegedly suffered as a result of his dismissal from employment with the PHFA.

We will affirm the district court's decision granting summary judgment with respect to the alleged violation of federal constitutional rights, finding no deprivation of protected property and liberty interests. Because we find that extraordinary circumstances exist to justify continuing jurisdiction over the pendent state claims, we will vacate the court's judgment dismissing them and remand for further proceedings on the merits.

### I.

William Cooley was employed as a construction representative by the PHFA from October 2, 1978 through September 14, 1984. According to the PHFA, early in 1984 the agency began receiving complaints concerning Cooley's behavior in the course of his employment with both the public sector and internal PHFA staff. When the agency decided to take disciplinary action against Cooley it was determined, because of a belief that Cooley had potential as a valuable employee, that a two-week, no-pay, suspension, rather than a dismissal, should be imposed. To this end, a letter of reprimand was sent to Cooley informing him of the suspension and his placement on probationary status. Cooley, through his attorney, then requested a hearing as to the merits of the suspension. Although no formal hearing was ever held, Cooley met with various officials of the PHFA to discuss his job performance and his suspension.

On August 27, 1984, Cooley was notified that his employment with the agency was terminated. The reasons for his dismissal were outlined in a letter which stated that his conduct on the job had not conformed to acceptable agency standards. Cooley was not provided with a hearing on his dismissal.

Cooley then commenced this action in the Commonwealth Court of Pennsylvania claiming that the allegations on which his separation from employment was based are false, that his dismissal has injured his reputation and hindered him from obtaining other employment, that the Executive

---

* Honorable Dickinson R. Debevoise of the United States District Court for the District of New Jersey, sitting by designation.

Director acted without authority in firing him, and that his dismissal was not effectuated within the guidelines of the PHFA's employee manual in circulation. In support of his request for recovery for violation of his constitutional rights under 42 U.S.C. § 1983 (1982), Cooley asserted deprivation of property and liberty interests contrary to the guarantees of the Fourteenth Amendment. His state law claims arise from an assertion that the due process provisions of Pennsylvania's Administrative Agency Law, 2 Pa.C.S.A. § 101 *et seq.*, were not followed.

Over Cooley's objection, the PHFA removed the case to the United States District Court for the Middle District of Pennsylvania and discovery commenced.

After discovery, the parties filed cross-motions for summary judgment and, in conjunction, statements of undisputed material facts. The magistrate recommended dismissal of Count I of the complaint, the state law claims, citing lack of jurisdiction to support their retention. He also recommended that summary judgment be entered against Cooley and for PHFA on Count II of the complaint, wherein the federal causes of action were enumerated. On review *de novo*, the district court, adopting the report and recommendations of the magistrate, granted the PHFA's summary judgment motion and denied Cooley's motion to remand to state court.

In reviewing the propriety of the entry of a cross-motion for summary judgment, we utilize the identical test the district court was initially required to apply. Our scope of review mandates a determination that there is no genuine issue as to any material fact and that the cross-movant is entitled to judgment as a matter of law. *Koshatka v. Philadelphia Newspapers, Inc.,* 762 F.2d 329 (3d Cir.1985). In applying the law to the undisputed facts, our review of the grounds for summary judgment is plenary. *IUE–AFL–CIO Pension Fund v. Barker & Williamson, Inc.,* 788 F.2d 118 (3d Cir.1986).

With regard to the dismissal of the pendent state claims, we must decide whether the dismissal is tantamount to an abuse of discretion by the trial judge. *Walck v. American Stock Exchange, Inc.,* 687 F.2d 778 (3d Cir.1982), *cert. denied,* 461 U.S. 942, 103 S.Ct. 2118, 77 L.Ed.2d 1300 (1983).

## II.

■ Cooley has characterized his public employment as providing him with a protected property interest, deprivation of which violated the due process mandates of the Fourteenth Amendment. He recognizes that, based upon *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972), he must have more than a unilateral expectation of the protected property interest. "He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577, 92 S.Ct. at 2709.

We turn to state law to determine the source of a property interest in Cooley's employment with the PHFA. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

As a rule, public employees in Pennsylvania have at-will status and are subject to summary removal by the employing agency. *Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960). Unless there is express legislative language to the contrary, the security of tenure does not attach to public employment. In general, Pennsylvania governmental agencies do not have the power to grant tenure and where it has intended that tenure should exist, the legislature has been very precise in so stating. *Scott, id.*[1]

Cooley refers to the PHFA's enabling statute, the employee manual in circulation and decisions of Pennsylvania's Commonwealth Court as the primary sources of Pennsylvania law entitling him to a protected property interest in his state employment.

Cooley points to the "Housing Finance Agency Law," 35 Pa.S.A. § 1680.101 *et*

---

1. *See, e.g.,* the "Civil Service Act," 71 Pa.S.A. §§ 741.1–741.1005; the "Public Employees Relations Act," 43 Pa.S.A. §§ 1101.101–1101.2301; the "Teachers Tenure Acts," 24 Pa.S.A. §§ 11–1121—11–1141.

*seq.*, PHFA's enabling statute, as creating an entity separate and apart from the Commonwealth, capable of entering into employment contracts by its own volition. Specific provisions relied upon to demonstrate the required legislative intent bestowing this power are as follows:

(3) To enter into contracts of all kinds and to execute all instruments necessary or convenient for carrying on its operations.

\* \* \* \* \* \*

(14) Employ an executive director and other officers, agents, employes, professional and business advisors as may from time to time be necessary in its judgment and to fix their compensation; and to promote and discharge such officers, employes, and agents.

\* \* \* \* \* \*

(17) To do all things necessary or convenient to carry out the powers granted by this act or other acts. 35 Pa.S.A. § 1680.205.

Cooley's argument that the PHFA has de facto right to contract with its employees by virtue of these provisions must fail. In *Banks v. Redevelopment Authority,* 416 F.Supp. 72 (E.D.Pa.1976), *affirmed,* 556 F.2d 564 (3d Cir.1977), *cert. denied,* 434 U.S. 929, 98 S.Ct. 414, 54 L.Ed.2d 288 (1977), addressing a similar claim concerning an analogous enabling statute, the district court decided, and we affirmed, that these grants of power did not give the Redevelopment Authority the ability to create regulations which altered dismissal at will, the traditional Pennsylvania rule regarding public employees not holding specified tenured positions.

Again, in *Abraham v. Pekarski,* 537 F.Supp. 858 (E.D.Pa.1982), *affirmed in part,* 728 F.2d 167 (3d Cir.1984), *cert. denied,* 467 U.S. 1242, 104 S.Ct. 3513, 82 L.Ed.2d 822 (1984), the district court noted that the general test for a property right vesting in a public employee is whether there was an enforceable expectation of continued employment. The court concluded that this situation will never occur in an employment relationship based upon employment at will. We affirmed.

Clearly the key to resolving whether a protected property interest has been presented through the enabling statute is by identifying a statement of the Pennsylvania legislature permitting PHFA to enter into employment contracts with their employees. The simple answer is that no such authority has been granted. The Housing Finance Act embodies a wide spectrum of powers under which PHFA operates. Making contracts with its employees, affording them guarantees of continuity in their employment, is notably absent in the list of enunciated powers. Because of the long tradition of at-will public employment, it must be assumed that when the legislature speaks, it does so explicitly, and if, in their wisdom, it chose to grant tenure to the PHFA employees, it would have enacted an appropriate provision.

Cooley directs our attention to the terms of the employee manual distributed by the PHFA and asserts that the manual provided an identifiable property interest in his employment, entitling him to redress for his separation from that interest. In reaching this conclusion, he relies primarily upon two Pennsylvania Commonwealth Court cases wherein provisions of personnel manuals distributed by government units were interpreted as conferring reasonable expectations of enforcement of certain employment policies. *See DeFrank v. Greene County,* 50 Pa.Comm.Ct. 30, 412 A.2d 663 (1981), and *Appeal of Colban,* 58 Pa. Comm.Ct. 104, 427 A.2d 313 (1981).

In its most recent decision regarding an analogous state agency, however, the Commonwealth Court made clear that a nonunion, noncivil service employee of the state Department of Transportation (PennDOT) had no property right in his position with that agency. An employee handbook distributed by PennDOT could not be construed as a legislative enactment entitling the employee to a contract guaranteeing him a right of continued employment. *Pivarnik v. Commonwealth, Department of Transportation,* 82 Pa.Comm.Ct. 42, 474 A.2d 732 (1984). Pivarnik had likewise relied upon *DeFrank* and *Colban* to support

his claim of a protected property interest. In so addressing this reliance, the Commonwealth Court stated that the effect of those decisions was not the granting of a property right in employment based upon the provisions of an employee handbook.

Cooley disavows the precedential value of *Pivarnik* through the distinction that the PHFA, unlike PennDOT, possesses the necessary legislative authority to enter into employment contracts by virtue of its enabling statute. Cooley thus relies upon the enabling statute, coupled with distribution of the employee manual, as entitling the employees to a reliance on continued employment. This expectation translates, he maintains, into a property interest guaranteeing him the protections of the due process clause upon breach of that contract.

The contents of the manual which Cooley views as justifying the expectation of job security include: 1) his status as a "permanent employee"; 2) subjection to discipline only in the event of violation of established agency policies; 3) a mandated sequence of procedures once disciplinary activity has been initiated; 4) listing of violations which trigger disciplinary action; and 5) establishment of specific procedures to be followed in the event of a grievance filing, including the right to a hearing. Cooley mentions various other provisions of the manual and concludes that its overall effect is to confer upon employees permanent employment benefits.

As stated above, we do not find the requisite legislative mandate within the enabling statute to bestow a right upon the agency to enter into employment contacts with its employees. Therefore, Cooley's claim that the contents of the manual embody this contract is void *ab initio* as no power to contract exists.

The employee manual merely serves as a guideline for the employees and acceptance of it cannot be construed as establishing a binding contractual relationship between the agency and its employees. In any case, the PHFA manual does not within its terms purport to create a permanent contractual relationship with its employees. In fact, as the agency notes, the manual provides evidence to the contrary, *i.e.*, by informing its agents that they may be dismissed if deemed necessary by the Executive Director.

Cooley's additional argument that his "permanent employee status" grants him an enforceable property interest is squarely wrong. *Meding v. Hurd*, 607 F.Supp. 1088 (D.C.Del.1985), cited by Cooley is not dispositive as in that case there was a specific local ordinance granting tenure to employees in the employee's classification. Closer on point is *Scott v. Philadelphia Parking Authority, supra,* where the Pennsylvania Supreme Court emphasized that designation of an employee as "permanent" who is also a nonunion, noncivil service employee, in no way grants him a property right in his employment as a matter of legislative grace.

We therefore hold that Cooley is devoid of any proprietary interest in his employment which would afford him the protections of the due process clause. His § 1983 claim for damages, based upon a deprivation of this constitutional right, must fail and summary judgment on this claim was properly entered in favor of the PHFA.

### III.

Cooley's allegation of a deprivation of a liberty interest centers on averments that the termination letter from the PHFA to him was defamatory and was allegedly placed in his personnel file, thereby disseminating it to potential employers and foreclosing his freedom to pursue future employment.

The district court assumed for purposes of argument that the content of the letter was capable of defamatory meaning under Pennsylvania law. We are content to accept that assumption since here the crucial fact of publication is dispositive and the end result would not be different.

We turn then to the important question of the extent this letter has been disseminated, in particular, to future employers. To successfully demonstrate a liberty deprivation entitling him to § 1983 dam-

ages, it is incumbent upon Cooley, under Pennsylvania law, to prove that the defamatory statements have been published. *See* 42 Pa.C.S.A. § 8343(a); *Chicarella v. Passant,* 343 Pa.Super. 330, 494 A.2d 1109 (1985); *Gaetano v. Sharon Herald Co.,* 426 Pa. 179, 231 A.2d 753 (1967); *Scarnati v. Washington,* 599 F.Supp. 1554 (M.D.Pa. 1985), *affirmed,* 772 F.2d 896 (3d Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1985). As noted in *Bishop v. Wood,* 426 U.S. at 348, 96 S.Ct. at 2079, "since the ... communication was not made public, it cannot properly form the basis for a claim that petitioner's interest in his 'good name, reputation, honor, or integrity' was thereby impaired."

■ In support of publication, Cooley argues that the letter itself is sufficient evidence. On the bottom of the document there is a designation indicating that a carbon copy of the letter is being forwarded to Cooley's personnel file. The PHFA employee manual contains a provision that in the event of dismissal, the statement evidencing the event will be placed in the personnel file of the terminated employee. Cooley submits that this alone raises a genuine issue of material fact removing this case from summary judgment. We note that Cooley has not offered any evidence of actual dissemination of his termination letter or its contents to potential future employers. In addition, Cooley has not offered any evidence with regard to the regular procedures of the agency in responding to requests by future employers.

Cooley relies upon *Perri v. Aytch,* 724 F.2d 362 (3d Cir.1983), to support his conclusion of a recognizable liberty interest. In *Perri,* a state court employee, challenging her termination, brought an action against court officers. A letter informed her that her dismissal was due to circumstances surrounding her arrest for a controlled substance violation. The employee alleged that the letter impugned her character, and, as part of her personnel file, could reasonably be expected to be communicated to future employers and prevent her from obtaining other employment. We reversed the district court's entry of summary judgment in favor of the employer, stating that Perri should have been given the opportunity to develop the facts with respect to the liberty interest violation. In addition, we held that the defendant employer should likewise have the opportunity to show that the reasons for dismissal were neither published nor disseminated.

Three years after our decision in *Perri,* the Supreme Court cautioned in *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that Federal Rule of Civil Procedure 56(c) compels the entry of summary judgment after adequate time for discovery against the party who has failed to make a sufficient showing to establish the existence of an essential element of his case. There is no companion requirement in Rule 56 that the moving party support its motion with evidentiary materials negating the opponent's claim. Fed.R.Civ.P. 56(e), however, does mandate that the nonmoving party go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and/or admissions on file, designate specific facts showing that there is a genuine issue of fact to be resolved at trial.

Addressing the import of *Celotex,* Judge Becker, concurring in *J.E. Mamiye & Sons, Inc. v. Fidelity Bank,* 813 F.2d 610, 618 (3d Cir.1987) (Becker, J., concurring), determined that a note-worthy consideration regarding summary judgment motions is a question of timing. If complete and adequate discovery has been afforded to the parties, then the case of the party bearing the ultimate burden of proof can be put to task by the opposition through a Rule 56 motion.

Cooley does not allege inadequate time to complete discovery. In fact, the record reflects that discovery was enlarged at Cooley's request when his present counsel entered the case. Indeed at oral argument counsel stated that discovery time had been adequate. We must assume, therefore, that the letter is the sum total of the evidence Cooley intended to present at trial.

Applying the appropriate law to the facts as presented, we conclude that no claim for damages suffered as a result of a loss of a liberty interest can be supported. The nec-

essary proof of dissemination of the defamatory letter is lacking. By this decision, we do not intend to define the exact parameters of discovery required; however, here Cooley did not proffer evidence sufficient to prove publication, a required element of his cause of action. The only inference we can draw from the carbon copy notation on his letter, strengthened by the employee manual reference, is that a copy was placed in his file. Without any evidence of the standard procedures or actual transmission to future employers, no inference regarding publication arises. We caution that as per *Celotex, supra,* it does not become the burden of the PHFA to negate the letter's presence and dissemination to future employers. Therefore, the award of summary judgment in favor of the PHFA was proper.

## IV.

■ We turn now to the disposition of the state claims which remained after summary judgment had been granted on Cooley's federal claims. The district court, by its adoption of the magistrate's report and in conjunction with granting the agency's summary judgment motion, dismissed the pendent state claims.

Cooley argues that since he originally filed his complaint in the Commonwealth Court of Pennsylvania, a remand to the state court, rather than a dismissal of the claims, is necessitated. He correctly states that our panel opinion in *Carnegie-Mellon v. Cohill,* No. 85–3619 (3d Cir. August 29, 1986), *petition for mandamus denied,* No. 85–3619 (3d Cir. November 24, 1986), *cert. granted,* —— U.S. ——, 107 S.Ct. 1283, 94 L.Ed.2d 141 (1987), having been vacated by this court sitting in banc, and, as of this writing, not decided by the Supreme Court, provides no guidance for determining the propriety of a remand. We are, therefore, compelled to follow the law on this issue as enunciated in *Thermtron Products v. Her-*

*mansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), and *Levy v. Weissman,* 671 F.2d 766 (3d Cir.1982). These decisions posit a district court's authority, pursuant to 28 U.S.C. § 1447(c) (1984), to remand to a state court only where the case was removed improvidently and without jurisdiction. The situation of an improvident removal to federal court is clearly not present here. Therefore, with this constraint in mind, we now examine if the district court was correct in dismissing the state claims or if grounds are present to permit the district court to retain jurisdiction and to dispose of the remaining state claims on the merits.

In *Tully v. Mott Supermarkets, Inc.,* 540 F.2d 187 (3d Cir.1976), we noted that if federal claims are decided on summary judgment, the court should refrain from exercising jurisdiction of state claims in the absence of extraordinary circumstances. In *Tully,* time and expense devoted to the litigation did not serve as sufficient grounds for retention of the remaining state claims. *See also, Lechtner v. Brownyard,* 679 F.2d 322 (3d Cir.1982).

In *Weaver v. Marine Bank,* 683 F.2d 744 (3rd Cir.1982), we referred to *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), in examining hallmark considerations of judicial economy, convenience and fairness to the litigants in order to inform the court's discretion to so decide pendent claims. Applying this standard, we decided in *Weaver* that the plaintiff's failure to interpret the Federal Securities Act properly did not satisfy the requisites of *Tully* to sustain an exercise of pendent jurisdiction. The refusal to entertain the state claims did not deal the death knell to the plaintiff's case, since we permitted a transfer of the claims to the state court pursuant to a provision of the Pennsylvania Judicial Code, 42 Pa.C.S.A. § 101 *et seq.* (1978).[2]

---

**2.** We note that Judge Sloviter's concurring opinion in *Weaver* expressed doubt as to our authority to remand the case to state court. Citing the absence of a federal statute permitting transfer of matters to state courts, her opinion classified

as a nullity the majority's activity in ordering a transfer.

In *McLaughlin v. Arco Polymers, Inc.,* 721 F.2d 426 (3d Cir.1983), Judge Sloviter, now writing for the majority, expanded upon the rationale expressed in her dubitante opinion filed in

We address the question now of whether extraordinary circumstances exist to allow retention of the state claims such that the dismissal here would be an abuse of discretion as Cooley suggests.

It is clear that Cooley's state law claims would be extinguished by the running of the applicable Pennsylvania statute of limitations, a matter of extreme prejudice to Cooley. In addition, this case was removed to the federal system contrary to Cooley's choice of forum as plaintiff and over his strenuous objection. If fairness to the litigant is a proper consideration under *Gibbs, supra,* we find that a compelling injustice would result if this matter were dismissed here in toto.[3] We find support for our conclusion in decisions of other courts of appeal, namely *Pharo v. Smith,* 625 F.2d 1226 (5th Cir.1980) (that the complaining party's state claims are time-barred a factor in favor of retaining jurisdiction) and *O'Brien v. Continental Illinois National Bank and Trust Co.,* 593 F.2d 54 (7th Cir.1979) (plaintiff's pendent claim not foreclosed by the passage of time required to dispose of the federal claim).

We therefore hold that the district court abused its discretion in failing to consider that the time-bar of Cooley's state claims compelled retention of jurisdiction over them in light of his original choice of forum and the absence of an applicable transfer provision under Pennsylvania law.

## V.

For the reasons stated above, we will affirm the grant of summary judgment in favor of the defendant on Count II of the complaint (the federal claims). The decision dismissing Count I of the complaint is vacated and the matter is remanded to the district court for further proceedings.

*Weaver Bank.* Reiterating that § 1447(c) gives the district court only limited authority to remand to state court, she questioned whether the precedent set forth in *Weaver* could be extended to authorize the district court to transfer a state law claim to which it could have been pendent. Judge Sloviter then noted Pennsylvania's post-*Weaver* amendment of 42 Pa.C.S.A. § 5103, the relevant transfer statute, to permit preservation of claims filed in federal court without the necessity of any transfer order. By enactment of this amendment, hardship to litigants who have inadvertently filed their actions in the wrong court was overcome by permitting them to transfer the dismissed actions on their own accord. This revision to § 5103, bestowing the right to transfer to the litigant, the impact of

which has yet to be construed by Pennsylvania courts, does not, however, assist in solving Cooley's dilemma since this action was not filed in the wrong court nor was it improperly removed from the state court, a point Cooley concedes.

3. In a situation certainly not applicable nor analogous here, we cautioned that dismissal is a drastic measure and will be utilized only in extreme cases where it is justly merited. *Poulis v. State Farm Insurance Co.,* 747 F.2d 863 (3d Cir.1984). While obviously there is no correlation between dismissal of a claim and retention of jurisdiction over a claim, the same reasoning which would prevent a dismissal in *Poulis* argues in favor of retaining jurisdiction here.