253 N.J. Super. 162 (1991)
601 A.2d 256
KIMMINS ABATEMENT CORP., A DELAWARE CORPORATION, AND KIMMINS INDUSTRIAL SERVICE CORP., A DELAWARE CORPORATION, PLAINTIFFS-RESPONDENTS,
v.
CONESTOGA-ROVERS & ASSOCIATES, INC., A NEW YORK CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided July 19, 1991.
*163 Janet Moss, for plaintiff (Riker, Danzig, Scherer, Hyland & Perretti, attorneys).
Timothy Brown, for plaintiff (Watt, Tieder, Killian & Hoffar, attorneys).
Joel Silverstein, for defendant (Stern and Greenberg, attorneys).
John Kobayaski, for defendant (Kobayashi & Associates, P.C., attorneys).
*164 ARNOLD, P.J.Cv.
The defendant, Conestoga-Rovers & Associates, Inc., (CRA) moved to dismiss plaintiff's complaint pursuant to the entire controversy doctrine, R. 4:30A. The motion raised the novel issue of whether the entire controversy doctrine bars this action because of the plaintiff's failure to join CRA as a party in a first lawsuit in another state. This opinion is intended to supplement the court's oral decision rendered in open court on July 19, 1991.
Briefly, the material facts are as follows: The Manville Sales Corporation (Manville) owns a manufacturing facility located in Manville, New Jersey. That facility had been used to manufacture asbestos products and in June 1989 Manville entered into two contracts for the clean up of that facility with Kimmins Abatement Corporation and Kimmins Industrial Service Corp., (collectively Kimmins). The clean up work was to be completed by Kimmins by July 1990. Manville hired CRA to act as Manville's onsite representative for the purpose of administering the contracts between Manville and Kimmins, inspecting the work and reporting on Kimmins' performance.
Manville is a Delaware corporation whose principal place of business is in Denver, Colorado. Kimmins is a Delaware corporation whose principal place of business is in Niagara Falls, New York. The contracts provided that Kimmins submitted to the jurisdiction of the Colorado courts.
In February 1990, Manville terminated both contracts with Kimmins and brought suit in the District Court in the City and County of Denver, State of Colorado, seeking declaratory judgment as to Manville's rights and remedies upon termination and seeking damages for Kimmins' alleged breach of contract. Kimmins filed a counterclaim in that first lawsuit asserting four contract claims and two tort based claims. Included in Kimmins' counterclaim was a count entitled "Arbitrary Supervision and Constructive Changes By Manville's Construction Supervisor" which was based upon allegations that CRA acted *165 improperly and negligently in supervising the project; interfered with Kimmins' contractual relationship with Manville and negligently recommended that Manville terminate the contracts with Kimmins. The counterclaim stated that Manville was responsible for CRA's actions under the doctrine of respondeat superior. Kimmins never joined CRA as a defendant in this first lawsuit and under the Colorado Rules of Civil Procedure was not required to do so. CRA, a New York corporation having its principal place of business in Niagara Falls, New York, submitted to the jurisdiction of the Colorado Court for discovery purposes only, and expressly reserved the right to contest any further exercise of jurisdiction.
There was extensive discovery in the Colorado lawsuit including approximately 200 days of depositions and the production of 125,000 pages of documents. Kimmins, represented by New Jersey counsel, subjected CRA to extensive discovery including 54 days of depositions of CRA's employees and production of 28,000 pages of documents. On February 8, 1991, the Colorado lawsuit was settled and the Colorado District Court entered an order of dismissal with prejudice.
On March 25, 1991, Kimmins brought suit against CRA in the Superior Court of New Jersey  Somerset County. Kimmins' complaint in this lawsuit (hereinafter the second lawsuit) alleges the following causes of action against CRA in connection with CRA's administration of the contracts between Manville and Kimmins: malicious interference with prospective economic advantage, negligence, conspiracy to interfere with contractual relations, conspiracy to interfere with prospective economic advantage, libel and slander by CRA. In lieu of an answer, CRA filed a motion to dismiss pursuant to R. 4:30A, the entire controversy doctrine.
In opposing this motion Kimmins argued first that the entire controversy doctrine is not applicable because the factual issues and the allegations in the second lawsuit are not substantially similar to those in the first lawsuit. This court rejects that *166 first argument for two reasons. First, an examination of Kimmins' counterclaim in the first lawsuit and the complaint in the second lawsuit shows that there is substantial similarity in the factual issues and allegations. A lengthy analysis supporting this conclusion is not warranted because Kimmins' counsel, in seeking admission pro hac vice before this court, admitted such substantial similarity between the two lawsuits. See Levin v. Robinson, Wayne & LaSala, 246 N.J. Super. 167, 586 A.2d 1348 (Law Div. 1990). Specifically, counsel for Kimmins in his certification seeking such admission stated:
Because of my involvement in the Denver litigation since its inception on February 5, 1990, I have extensive knowledge regarding many of the facts pertaining to Kimmins' claims concerning Conestoga's tortious interference with Kimmins' contractual relationship with Manville and Conestoga's negligence in managing the project. There is substantial similarity between the factual issues and the testimony in these two lawsuits. Conestoga was Manville's Construction Supervisor and its officers and witnesses agreed to appear voluntarily at trial on Manville's behalf. Indeed, Manville asserted successfully that Conestoga was within its `control group' for purposes of attorney-client privilege, and in fact, Manville's Denver counsel, Kobayashi & Associates, represented Conestoga at all times at depositions and in discovery disputes. Virtually all of the witnesses likely to be called at trial in this action were deposed in the Denver litigation about subjects which overlap with the subjects of Kimmins' complaint in this action.
The second reason for rejecting Kimmins' first argument is that it is clear from the counterclaim filed by Kimmins in the first lawsuit that Kimmins knew that CRA was a potentially responsible party when it filed that counterclaim. That is sufficient to raise the issue as to whether the entire controversy doctrine bars the second action. Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 343, 476 A.2d 250 (1984).
In Cogdell v. Hospital Center at Orange, 116 N.J. 7, 560 A.2d 1169 (1989), the court reviewed the history of the entire controversy doctrine and concluded that it applies to parties as well as claims. CRA argues that the holding in Cogdell and the earlier decision in Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 476 A.2d 250 (1984) bars this second lawsuit. This court disagrees. While the entire controversy doctrine is *167 extremely broad neither our Supreme Court nor the Appellate Division has ever extended the doctrine to bar a second lawsuit against a defendant who was not a party to a first lawsuit in another State. In Cogdell, both the first and second lawsuits were instituted in the New Jersey Courts. In Crispin, all the lawsuits were instituted in New Jersey Courts and the potentially responsible party had already been sued. In both Giudice v. Drew Chemical Corp., 210 N.J. Super. 32, 509 A.2d 200 (App.Div. 1986) certif. granted and remanded on other grounds, 104 N.J. 465, 517 A.2d 448, and certif. den., 104 N.J. 465, 517 A.2d 449 (1986) and Blazer Corp. v. N.J. Sports and Exposition Authority, 199 N.J. Super. 107, 488 A.2d 1025 (App. Div. 1985) the same parties were involved in both the first and second lawsuits. Any suggestion that the entire controversy doctrine should apply to require litigators in other jurisdictions to join all potentially responsible parties in a first lawsuit or face preclusion in a second lawsuit in our New Jersey courts has already been rejected by the Third Circuit Court of Appeals in Electro-Miniatures Corp. v. Wendon Co., Inc., 889 F.2d 41, 45 n. 6 (3rd Cir.1989).
This court recognizes the enormous expenditure of time, effort and judicial resources in the first lawsuit. However, expansion of the entire controversy doctrine to circumstances such as these would create many complexities both in the courts of other states and this state. Here, for example, it would have required the Colorado court to decide whether it had in personam jurisdiction over CRA and perhaps whether the doctrine of forum non conveniens was applicable. I conclude that our Supreme Court would be disinclined to extend the doctrine that far.[1]
Accordingly, CRA's motion is denied.
NOTES
[1] After this court rendered its oral decision, it learned of the opinion in Watkins v. Resort International, 124 N.J. 398, 591 A.2d 592 (1991). That decision, rejecting the Appellate Division's opinion in Blazer Corp. v. N.J. Sports & Exposition Authority, 199 N.J. Super. 107, 488 A.2d 1025 (App.Div. 1985) appears to this court to support this court's conclusion that our Supreme Court would not extend the entire controversy doctrine to the circumstances of this case.