Giovanna **LODATO,** Plaintiff,

v.

**TOWNSHIP OF EVESHAM,
et al., Defendants.**

**Mark JACOBS,** Plaintiff,

v.

**TOWNSHIP OF EVESHAM,
et al., Defendants.**

**Civ. A. No. 89–614 (JCL).**

United States District Court,
D. New Jersey.

Jan. 22, 1992.

---

Joy E. McGinnis, Hartman, Marks & Nugent, Moorestown, N.J., for plaintiff Giovanna Lodato.

Francis J. Manion and Thomas F. Marshall, Mount Holly, N.J., for defendants.

Mark S. Jacobs, pro se.

## OPINION

LIFLAND, District Judge.

By order of this court filed September 24, 1990, the two above-captioned cases were consolidated under Civil Action No. 89–614. Presently before this court is the motion of defendants Township of Evesham, Township of Evesham Police Department, Patrolman William Behnke and Patrolman James T. Brown for summary judgment against plaintiffs Giovanna Lodato ("Lodato") and Mark Jacobs ("Jacobs"). For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

The following is taken verbatim from the Stipulation of Facts contained in the Final

Pretrial Stipulation and Order filed July 24, 1991:

On August 11, 1987, plaintiff Giovanna Lodato was a passenger in an automobile operated by Mark Jacobs. Mr. Jacobs was stopped along Route 73 North, near Greentree Road, in Marlton (Evesham Township), New Jersey, by defendants, Officer William Behnke and Officer James T. Brown, of the Evesham Township Police Department. Both Officer Behnke and Officer Brown are employed as police officers by the Township of Evesham and the Evesham Township Police Department.

Officer Behnke pulled his patrol car in behind the Jacob(s) vehicle, while Officer Brown pulled in front of said vehicle. Officer Behnke exited his patrol car and approached Mr. Jacobs, who had gotten out of his vehicle. Officer Brown exited his vehicle with a loaded shotgun and pointed it in Mrs. Lodato's direction, yelling at her to get out of the car as he approached the passenger side. When Mrs. Lodato exited the Jacob(s) vehicle, Officer Brown ordered her to turn around and put her hands on the top of the car. Mrs. Lodato was then placed under arrest and put into the back of Officer Brown's patrol car. Shortly thereafter Mrs. Lodato was transported to the Evesham Township Police Department where she was charged under State's Warrant # S 614820 with theft by purposely receiving movable property known to be stolen (N.J.S. 2C:20–7). Mrs. Lodato was fingerprinted, photographed, strip searched and eventually released on her own recognizance.

On December 17, 1987, the charge against Mrs. Lodato was dismissed at the Municipal Court level. The charges filed against Mr. Jacobs were later administratively dismissed by the Burlington County Prosecutor's Office.

In addition to the facts set forth in the Pretrial Stipulation and Order, it is undisputed that the officers had received a report that the vehicle being driven by Jacobs had been reported stolen prior to the time the officers approached the plaintiffs.

Plaintiff Lodato's Complaint alleges that the defendant police officers violated her constitutional rights in their arrest, search, seizure, detention and prosecution of her. She claims that the arresting officers used excessive force in arresting her and alleges causes of action under 42 U.S.C. §§ 1983, 1985 and 1986. Her remaining claims are based upon the New Jersey Constitution and the common law of torts.

Plaintiff Jacobs filed his Complaint on March 16, 1990, two years and seven months after the arrest. Jacobs alleges that defendants effected his arrest with excessive force and that they unlawfully seized him. In addition to his federal civil rights claims, Jacobs alleges state tort claims.

DISCUSSION

*Fed.R.Civ.P.* 56(c) provides that summary judgment shall be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The burden of showing that no genuine issue of material fact exists rests initially on the moving party. Once the moving party has shown that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Fed.R.Civ.P.* 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no issue for trial unless the non-moving party can demonstrate that there is sufficient evidence favoring the non-moving party to enable a reasonable fact finder to return a verdict in that party's favor. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510. The court must view the facts and inferences therefrom in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

### A. *Mark Jacobs*

■ Jacobs asserts numerous claims relating to the August 11, 1987 incident. Jacobs filed his Complaint on March 16, 1990. In his brief, Jacobs claims that the applicable statute of limitations for federal civil rights claims is six years. To ascertain the statute of limitations for a 42 U.S.C. § 1983 action, the court looks to the state statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia*, 471 U.S. 261, 277, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Personal injury actions in New Jersey must be brought within two years of accrual of the cause of action. *N.J.S.A.* 2A:14–2; *Cito v. Bridgewater Township Police Dept.*, 892 F.2d 23, 25 (3d Cir.1989). Jacobs' argument that the applicable statute of limitations for federal civil rights claims is six years is wrong.

Jacobs' complaint was filed two years and seven months after the incident. Therefore, the statute of limitations bars any federal civil rights claims arising out of the August 11, 1987 incident. Similarly, the New Jersey tort statute of limitations bars all of Jacobs' tort claims with the exception of his conversion claim (6–year limitations period under *N.J.S.A.* 2A:14–1) and his malicious prosecution claim (accrual upon favorable termination of criminal proceeding).

### B. *Giovanna Lodato*

This court must view the facts and inferences therefrom in the light most favorable to Lodato. Lodato contends that Officer Brown pointed his shotgun at her and ordered her to get out of the vehicle or he would blow her head off. (Pretrial Stipulation and Order, Lodato Contested Factual Allegations ¶ A3). Lodato then got out of the car and was handcuffed. Lodato concedes that neither of the officers struck her at any time. She was then taken to the police station where she was searched and eventually released. On the basis of these factual allegations, Lodato claims that her arrest and seizure were accomplished with excessive force.[1]

■ In determining whether these facts support a § 1983 claim based upon excessive force, this court must apply the Fourth Amendment's standard of reasonableness. *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *See Terry v. Ohio, supra,* 392 U.S. [1], at 20–22, 88 S.Ct. [1868], at 1879–1881 [20 L.Ed.2d 889 (1968)]. The Fourth Amendment is not violated by an arrest based on probable cause, even though the wrong person is arrested, *Hill v. California*, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971), nor by the mistaken execution of a valid search warrant on the wrong premises, *Maryland v. Garrison*, 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied* 414 U.S. 1033 [94 S.Ct. 462, 38 L.Ed.2d 324] (1973), violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments— in circumstances that are tense, uncertain and rapidly evolving—about the amount of force that is necessary in a particular situation. *Id.*, 109 S.Ct. at 1872.

■ Even when viewing all facts in the light most favorable to Lodato, as it must, this court comes to the conclusion as a matter of law that the police officers' actions were objectively reasonable under the

---

1. In the Pretrial Stipulation and Order Lodato alleges no facts to support her claim that her search and detention were accomplished with excessive force. Furthermore, the Pretrial Stip-ulation and Order makes no reference whatsoever to Lodato's claim that her prosecution was in violation of the Constitution. Therefore, the court will not address these issues.

circumstances. The officers approached a vehicle which they reasonably believed to be stolen. One of the vehicle's occupants exited the vehicle and surrendered himself. The other occupant, Lodato, remained in the vehicle. Under the circumstances, Officer Brown reasonably drew and pointed his weapon at Lodato, for his own protection. The alleged threat to blow Lodato's head off adds nothing of constitutional dimension to the threat already implicit in the drawn weapon. The only other physical act committed by the officers as to Lodato was to put her in handcuffs. None of the actions committed by the officers in connection with their arrest of Lodato indicates that the arrest was effected with the use of excessive force. Therefore, Officers Brown and Behnke are entitled to summary judgment.

Because the court holds as a matter of law that the officers' conduct does not create an actionable civil rights violation, it necessarily follows that no policy of the municipality was responsible for a violation of Lodato's civil rights. Therefore, the Township of Evesham and the Township of Evesham Police Department are entitled to summary judgment.

## C. State Claims

■ This court has the discretionary authority to retain jurisdiction over state claims even though the federal claims have been dismissed. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Lodato cites authority for the proposition that it may be an abuse of discretion, after pre-trial dismissal of a federal claim, for a district court to dismiss a pendent claim which has become time-barred while pending before the federal court. *Emory v. Peeler*, 756 F.2d 1547, 1555 (11th Cir.1985). Additionally, both the Fifth and Seventh Circuits seem to have held that a district court should not dismiss a pendent state claim where the applicable statute of limitations period has expired. *See Pharo v. Smith*, 625 F.2d 1226 (5th

Cir.1980); *Henson v. Columbus Bank and Trust Co.*, 651 F.2d 320, 325 (5th Cir.1981) (per curiam); *O'Brien v. Continental Illinois Nat'l Bank and Trust Co.*, 593 F.2d 54, 65 (7th Cir.1979).[2]

The Third Circuit has not imposed such a rigid requirement. In both *Cooley v. Pennsylvania Housing Fin. Agency*, 830 F.2d 469 (3d Cir.1987), and *Lovell Mfg. v. Export–Import Bank of the United States*, 843 F.2d 725 (3d Cir.1988), the Third Circuit held that absent "extraordinary circumstances" a district court in the Third Circuit is "powerless to hear claims lacking an independent jurisdictional basis." *Lovell*, 843 F.2d at 735.

In *Cooley*, the district court granted summary judgment on the federal claims and dismissed the pendent state law claims. The statute of limitations for the state law claims had expired subsequent to plaintiff's instituting suit, but prior to the district court's dismissal. The plaintiff had originally filed his complaint in the state court and defendant had removed to the federal court. In that context, the Third Circuit held that the district court abused its discretion "in failing to consider that the time-bar of Cooley's state claims compelled retention of jurisdiction over them in light of his original choice of forum". *Id.*, 830 F.2d at 476.

■ *Cooley* is distinguishable from the present case. Lodato chose the federal forum. This case is more like *Newman v. Burgin*, 930 F.2d 955 (1st Cir.1991). In *Newman* a professor brought a § 1983 action against public university officials in the federal court. He also alleged various state causes of action. The district court entered summary judgment against plaintiff on the federal claim and dismissed the state claims. On appeal the First Circuit noted that "expiration of a state limitations period is an important factor for a district court to consider when deciding whether or not to dismiss a pendent claim." *Id.*, at 963. Nevertheless, the Court of Appeals affirmed the district court's dismissal of

---

**2.** All of Lodato's state claims and Jacobs' malicious prosecution claim accrued more than two

years ago.

the pendent claims, upon two grounds. First, citing to *Cohill, supra,* the court stated that when a district court dismisses all federal claims before trial "it normally will dismiss pendent state actions as well." *Newman,* 930 F.2d at 964. The court went on to state:

> Since "pendent" claims, by definition, consist of state matters over which Congress did not grant federal courts independent jurisdiction, it is not surprising that federal courts hesitate to hear them when, stripped of their federal support prior to any helpful, related, factual or legal determination, they stand before the court both pristine and alone. *Id.*

Second, the court looked at state law. Under Massachusetts law, it was possible that the plaintiff would not be barred from bringing his state claims in state court. A Massachusetts statute provides:

> If an action duly commenced within the time [allowed by the statute of limitations] is dismissed for ... any ... matter of form ... the plaintiff ... may commence a new action within one year after the dismissal....

*Id.* (Citing Mass.Gen.L. ch. 260 § 32 (1987)). Therefore, the court held, the plaintiff had only a risk of being time-barred in the state court, which risk plaintiff accepted when he decided to file his complaint in federal court.

New Jersey state courts have developed doctrines to ameliorate the impact of certain bars to litigation. In *Watkins v. Resorts Intern. Hotel & Casino,* 124 N.J. 398, 591 A.2d 592 (1991), the New Jersey Supreme Court held that because a federal court judgment on the state claims did not address the merits, a litigant was not precluded from thereafter asserting his state claims in state court. In *Blazer Corp. v. New Jersey Sports and Exposition Auth.,* 199 N.J.Super. 107, 488 A.2d 1025 (App. Div.1985), the court stated:

> When a federal court declines to exercise jurisdiction over state claims that must be asserted under the single controversy doctrine, the doctrine will not bar reassertion of those claims in a state court action. We have held that plaintiffs who

asserted related federal and state claims in federal court were free to reassert in state court the state claims that the federal court declined to adjudicate.

*Id.,* 199 N.J.Super. at 112, 488 A.2d 1025. Neither *Watkins* nor *Blazer* dealt with statute of limitations problems.

However, *Galligan v. Westfield Centre Service, Inc.,* 82 N.J. 188, 412 A.2d 122 (1980), did deal with the statute of limitations. In *Galligan* the plaintiff filed a timely complaint in federal court. The statute of limitations ran, and thereafter the complaint was dismissed for want of subject matter jurisdiction. The plaintiff then filed a complaint in state court, which the trial court dismissed as barred by the statute of limitations. In reversing the trial court's dismissal on equitable grounds, the Supreme Court stated: "Examining the circumstances of this case, we find that giving effect to the filing of the complaint in federal court within the limitations period does no violence to the purpose underlying *N.J.S.A.* 2A:14-2." 82 N.J. at 193, 412 A.2d 122.

The plaintiff in *Galligan* had filed a wrongful death and survivorship action in federal court. There was no diversity of citizenship, and thus there was clearly no federal subject-matter jurisdiction. The plaintiffs in the present case are even more deserving of relief from the statute of limitations than was the plaintiff in *Galligan;* this court had pendent jurisdiction over the plaintiffs' state claims until its pretrial dismissal of their § 1983 claims.

Therefore, there appears to be little risk that a New Jersey trial court will enforce the statute of limitations against plaintiffs' state claims, at least if they are promptly filed in state court. By dismissing pendent state claims without reaching their merits, this court is probably not extinguishing the ability to recover for the alleged wrongs. Thus, the court does not view the situation facing the plaintiffs as constituting the "extraordinary circumstances" that might require the court to retain the pendent state claims. Nor does the fact that discovery has been completed and a final Pretrial Order entered by this court constitute

such an "extraordinary circumstance". *Lovell, supra,* 843 F.2d at 735 (despite two proceedings in trial court and two in the Third Circuit, the expenditure of federal judicial resources did not constitute an "extraordinary circumstance" sufficient to warrant the retention of pendent state claims). Accordingly, this court will not retain jurisdiction over any of Lodato's state claims or Jacobs' two remaining state claims.