**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3408-23

RANDI ZUPKO,

    Plaintiff-Appellant,

v.

COUNTY OF OCEAN, SCOTT
WATERS, and ROBERT GREITZ,

    Defendants-Respondents.

_____

Submitted September 29, 2025 – Decided October 7, 2025

Before Judges Sabatino and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0625-24.

Law Offices of Riley & Riley, attorneys for appellant (Tracy L. Riley and Michael E. Riley, on the briefs).

Berry Sahradnik Kotzas & Benson, attorneys for respondents (Mary Jane Lidaka, on the brief).

PER CURIAM

This appeal involves the consequences of a federal court's dismissal of a case, and whether plaintiff's subsequently filed state court action is barred by principles of res judicata or other legal doctrines.

The pertinent background may be simply stated. In October 2022, plaintiff Randi Zupko, a former County of Ocean employee, filed a complaint in federal district court against defendants County of Ocean, Scott Waters, and Robert Greitz. The federal complaint consisted of various claims under both federal and state law. Defendants moved for summary judgment dismissing the federal action in its entirety.

On May 26, 2023, a federal district judge dismissed the lawsuit without prejudice. The district judge's written memorandum opinion expressly dismissed plaintiff's state law claims and her federal claims falling under 42 U.S.C. § 1983 without prejudice, granting plaintiff leave to file an amended complaint "to the extent that plaintiff believes she can plead additional facts to cure the deficiencies in her [c]omplaint." The district judge explicitly declined to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, plaintiff filed an amended federal complaint in June 2023. In response, defendants renewed their arguments for dismissal. The district judge again dismissed the claims without prejudice, but granted plaintiff another opportunity to amend the federal complaint. Plaintiff, however, chose not to file a further-amended federal complaint.

Consequently, the district judge entered a final order on February 8, 2024, dismissing the federal claims with prejudice and dismissing the state law claims without prejudice. The seven state law claims, which remained unchanged during the federal court proceedings, were Counts I, II, III, IV, VII, VIII, and IX.

In the conclusion of his second memorandum opinion, the district judge found that "no judicial economy or convenience concerns favor exercising supplemental jurisdiction over [p]laintiff's state law claims." The judge wrote that "the court, therefore, does not address defendants' remaining arguments in support of their motion regarding plaintiff's state law claims" (emphasis added). The judge specified that the choice to exercise supplemental jurisdiction over state law claims lay at his discretion, and he did not elect to exercise it.

Turning to our state court for relief, plaintiff filed a complaint in the Law Division in March 2024, this time she asserted only the state law claims.

A-3408-23

Defendants moved to dismiss and argued the state complaint is barred under principles of res judicata. In a short oral ruling, the Law Division judge agreed with defendants and dismissed the state complaint. Plaintiff now appeals.

We are constrained to conclude that the Law Division misinterpreted the federal rulings and erred in dismissing the state court complaint.

As a general proposition of New Jersey law, "plaintiffs who asser[t] related federal and state claims in federal court [are] free to reassert in state court the state claims that the federal court declined to adjudicate." Blazer Corp. v. New Jersey Sports and Exposition Authority, 199 N.J. Super. 107, 112 (App. Div. 1985). That is exactly the situation here. No decision was ever made by the federal court on the merits of plaintiff's state claims.

The decision to decline supplemental jurisdiction was well within the district judge's discretionary power. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). "[S]tate claims may be dismissed without prejudice and left for resolution to state tribunals." Gibbs, 383 U.S. at 726-27.

Defendants improperly rely on principles of res judicata to bar plaintiff's state law claims. Res judicata refers to the common-law doctrine barring relitigation of claims or issues that have already been adjudicated. Velasquez v.

4

Franz, 123 N.J. 498, 505 (1991). The doctrine provides that a cause of action between parties that has been finally determined on the merits by a court having jurisdiction cannot be relitigated by those parties or their privies. Roberts v. Goldner, 79 N.J. 82, 85 (1979).

Federal caselaw and New Jersey caselaw both recognize the same requirements to dismiss a complaint based on res judicata:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction[s] or occurrence[s] as the claim in the earlier one.
>
> [Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey, 105 F.4th 67, 73 (3d Cir. 2024) (emphasis added); Watkins v. Resorts Intern. Hotel and Casino, Inc., 124 N.J. 398, 412 (1991).]

Simply stated, the federal court never issued a final judgment adjudicating "the merits" of plaintiff's state law claims. On the contrary, it carved them out and preserved them for a future state court action. This essential ingredient of res judicata, a final judgment on the merits, is missing.

We therefore reverse the Law Division's dismissal order and reinstate plaintiff's state law claims. In doing so, we do not reach nor do we comment upon the substance of those claims.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3408-23