**Stephen FONTAINE, an individual, Plaintiff,**

v.

**HOME BOX OFFICE, INC., Jarry Landreth, Eddie Kritzer and Joshua Perahia, Defendants.**

**HOME BOX OFFICE, INC., a corporation, Cross-Claimants,**

v.

**Jarry LANDRETH, Eddie Kritzer, George Swade, Joshua Perahia, and "Joshua," Cross-Defendants.**

**CV 84–3457–FW (AAH).**

United States District Court, C.D. California.

Dec. 3, 1986.

---

**1.** These conclusions are based on the analysis of the law in the opinion denying the restraining order. 654 F.Supp. at 295.

Franklin D. Ubell, of Jackson, Jones &
Price, Newport Beach, and Stanley R.
Jones, of Price, Gess & Ubell, Newport
Beach, Cal., for plaintiff.

Latham & Watkins, Los Angeles, for defendant and cross-claimant Home Box Office.

Robert M. Mooney, Harbor City, for defendant Joshua Perahia.

Cohen & Luckenbacker, for defendant Eddie Kritzer.

### ORDER, FINDINGS AND REASONS FOR DISMISSAL OF PENDENT STATE CLAIMS

HAUK, District Judge.

#### Introduction

On November 12, 1986, the Court of Appeals for the Ninth Circuit filed its Order granting a writ of mandamus for the limited purpose of directing the District Court to set forth its specific reasons for declining to exercise pendent jurisdiction over plaintiff Stephen Fontaine's State law claims for unjust enrichment and unfair competition, alleged in the Second and Fourth Counts of the First Amended Complaint.

Inasmuch as the undersigned Honorable A. Andrew Hauk, in assisting and filling in for Honorable Francis C. Whelan during a period when Judge Whelan needed help, made and entered on April 5, 1985, the "Order Re Motion Of Defendant Home Box Office, Inc. To Dismiss Second, Third And Fourth Counts Of Amended Complaint," dismissing the two pendent State claims of the First Amended Complaint with prejudice in Federal Court but without prejudice in State Court, and pursuant to the Ninth Circuit's writ of mandamus, I, Judge Hauk, set forth herewith a brief procedural and factual review of the above-entitled action and the specific findings and reasons justifying dismissal of plaintiff's two pendent State claims.

#### Procedural and Factual Background

On May 10, 1984, plaintiff Stephen Fontaine ("Fontaine") filed an original Complaint against defendants Home Box Office, Inc. ("HBO"), Jarry Landreth ("Landreth"), Eddie Kritzer ("Kritzer"), George Swade ("Swade"), and Joshua Perahia ("Perahia") (collectively "defendants"), alleging in five separate Counts (1) violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, especially 15 U.S.C. § 1125(a); (2) tortious deprivation of film credit; (3) unjust enrichment; (4) copyright infringement, ostensibly pursuant to 17 U.S.C. § 101 *et seq.*, especially 17 U.S.C. § 501; and (5) unfair competition.

Defendant HBO, on July 27, 1984, filed a motion, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss each of the Counts of the Complaint on the ground that each Count failed to state a claim upon which relief can be granted. The District Court, Judge Whelan, held that facts necessary for a cause of action under the Lanham Act had sufficiently been alleged, but dismissed the Second Count for tortious deprivation of film credit without leave to amend, and dismissed the remaining Counts with leave to amend.

On December 26, 1984, HBO filed a Cross-Claim against Cross-Defendants Landreth, Kritzer, Swade, Perahia, and the rock musical group "JOSHUA," alleging claims for breach of contract, indemnity, contribution and declaratory relief.

On December 28, 1984, Fontaine filed his First Amended Complaint alleging again in the First Count violation of the Lanham Act, in the Second Count unjust enrichment, in the Third Count copyright infringement, and in the Fourth Count unfair competition.

The underlying factual allegations set forth in the First Amended Complaint include the following:

In August of 1982 Fontaine and other individuals, including defendant Perahia, referring to themselves as the musical group JOSHUA, recorded tracks later used to produce a record album. The album was entitled "The Hand Is Quicker Than The Eye." Fontaine performed most of the vocal tracks used on the album, including those of the song entitled "Broken Dream." Thereafter, defendants Swade and Perahia, and others, procured the production of a video tape performance of the

song "Broken Dream." Although the vocal tracks played during the video performance of "Broken Dream" employed the voice of Fontaine as originally performed on the record album, a performer other than Fontaine mouthed or lip-synched Fontaine's vocal performance. HBO then aired the video on numerous occasions in interstate commerce, and defendants Landreth and Kritzer allegedly conspired with others to air the video to promote the JOSHUA group.

Based on these alleged facts, Fontaine claims in the First Count that defendants violated the Lanham Act, 15 U.S.C. § 1125(a), by willfully and intentionally misrepresenting the identity of the group JOSHUA and creating the false impression that the performer in the video who lip-synched Fontaine's voice was in fact Fontaine.

In the Second Count for unjust enrichment (alternatively described in the First Amended Complaint as *quantum meruit*), Fontaine claims that contrary to his expectations and entitlement, he was not compensated for the use of these services and voice tracks on "The Hand Is Quicker Than The Eye" album, but used by the defendants in the "Broken Dream" video.

In the Third Count for copyright infringement, Fontaine claims that he is the owner of a registered copyright on his vocal performances on "The Hand Is Quicker Than The Eye" album, and that such copyright is separate from and not subsumed as part of any copyright which exists for the song "Broken Dream." By producing the video performance of the song "Broken Dream", defendants are alleged to have infringed Fontaine's copyright.

Finally, in the Fourth Count, Fontaine claims that defendants engaged in unfair competition by "palming off" Fontaine's performance as that of another, thereby intentionally and fraudulently misleading the public. It is further alleged in the Fourth Count that defendants misappropriated credit due Fontaine and intentionally inflicted severe emotional distress upon him.

For remedial relief, Fontaine demanded damages in excess of one million dollars on each Count; punitive damages in the amount of $500,000; that defendants and their agents be permanently enjoined from infringing Fontaine's copyright; and that defendants pay to Fontaine the costs of suit and reasonable attorney's fees.

Defendant Swade has been dismissed from the action on the First Amended Complaint without prejudice and default has been entered against defendant Landreth.

On January 23, 1985, plaintiff Fontaine filed a Motion For Partial Summary Judgment as to the issue of liability of defendants HBO, Landreth and Perahia for violation of the Lanham Act, as alleged in the First Count.

On January 25, 1985, defendant HBO filed a Motion to Dismiss Counts Two, Three and Four of Fontaine's First Amended Complaint, again on the ground that pursuant to Fed.R.Civ.P. 12(b)(6), each such Count failed to allege facts sufficient to state a claim upon which relief can be granted.

Both Fontaine's Motion for Partial Summary Judgment and HBO's Motion To Dismiss were transferred from Judge Whelan and came on for hearing before Judge Hauk on March 25, 1985. By Order entered April 5, 1985, the District Court, Judge Hauk, denied Fontaine's Motion For Partial Summary Judgment, finding the existence of genuine issues of material fact under the First Count. In a separate Order Re Motion Of Defendant Home Box Office, Inc. To Dismiss Second, Third And Fourth Counts Of Amended Complaint, also entered April 5, 1985, Judge Hauk found that the Second Count for unjust enrichment and the Fourth Count for unfair competition failed to state causes of action for which relief could be granted. Judge Hauk further ruled that even if the First and Second Counts were properly pleaded, these Counts were pendent State law claims and should be dismissed with prejudice in Federal Court, but without prejudice to plaintiff's right to proceed with

such claims in State Court. The Third Count for copyright infringement was also dismissed, but without prejudice, for failure to state a cause of action due to plaintiff's failure to allege facts concerning the co-authors' disposition of their undivided copyright interests in the joint work. Plaintiff was granted leave to amend the Third Count within thirty days of the Court's Order.

The April 5, 1985 Order dismissing the two pendent State claims has now become the subject of the instant Ninth Circuit writ of mandate.

### Specific Findings and Reasons Justifying Dismissal Of The Pendent State Claims

After further analysis and consideration of the pertinent and relevant pleadings, motions, oppositions, points and authorities and papers filed herein, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That the Court finds and concludes that pendent State claims may be dismissed with prejudice in Federal Court, provided the claimant (plaintiff) is afforded adequate opportunity to pursue these State law claims in a State Court with competent jurisdiction. Although in certain instances a Federal Court may have constitutional power to hear pendent State claims when the State and Federal claims arise "from the same nucleus of operative fact," the exercise of that power and the decision to dismiss pendent State claims is ordinarily a matter of complete discretion with the Federal Judge. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Mayor of Philadelphia v. Educational Equality League*, 415 U.S. 605, 627, 94 S.Ct. 1323, 1336, 39 L.Ed.2d 630 (1974); *Wren v. Sletten Construction Co.*, 654 F.2d 529, 536 (9th Cir.1981).

■ A relevant, though not determinative, factor to be considered by the Federal Court in exercising its discretion is whether the State law claims would be barred by the statute of limitations if they were dismissed by the Federal Court. *Quality Foods de Centro American, S.A. v. Latin American Agribusiness Development Corp.*, 711 F.2d 989, 999–1000 (11th Cir. 1983); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, § 3567.1 (1984). When pendent State law claims are timely filed in Federal Court and then are dismissed, with prejudice to further proceedings in Federal Court but without prejudice to further proceedings in State Court, California State Courts apply the doctrine of "equitable tolling" so that such claims may survive the running of any applicable statute of limitation. *See Addison v. California*, 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941 (Cal.1978).

■ 2. That the Court has a duty to dismiss pendent State claims when they do not arise out of the same nucleus of operative fact. In this case, even a cursory analysis of the First Amended Complaint demonstrates that the pendent State claims do not arise out of the same nucleus of operative facts as the Federal claims.

The Federal claims alleged are two. In the First Count a violation of the Lanham Act, 15 U.S.C. § 1125(a), is alleged. Section 1125(a) imposes civil liability on any person who, *inter alia*, affixes, applies, annexes or uses in connection with any goods or services, a false description or representation of such goods or services, and causes the same to enter into commerce. Further, any person who, with knowledge of the falsity of description or representation of goods or sevices, causes such goods or services to be used in interstate commerce shall also be liable to any person who believes that he is or is likely to be damaged by the use of any false description or representation.

Plaintiff Fontaine's second Federal claim is in the Third Count, which alleges copyright infringement. Although the First Amended Complaint does not cite us to the applicable statutory section, 17 U.S.C. Section 501 does provide that anyone who violates any of the exclusive rights of a copy-

right owner is an infringer of that copyright. Section 502 through 505 provide civil remedies for infringement including injunction, impounding and disposition of infringing articles, recovery of damages and profits, and costs and attorney's fees.

In order to establish infringement of a copyrighted musical composition, it is a well recognized rule of law that the claimant must prove that five elements coexist: (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) the claimant is the proprietor of the copyrights of the compositions involved in the action; (4) the compositions were performed publicly for profit; and (5) the defendants had not received permission from any of the claimants or their representatives for such performance. *Fourth Floor Music, Inc. v. Der Place, Inc.*, 572 F.Supp. 41, 43 (D.Neb.1983).

■ The pendent State claims in the First Amended Complaint are also two in number. In the Second Count plaintiff Fontaine alleges unjust enrichment, alternatively styled as *quantum meruit*. *Quantum meruit* is an equitable doctrine based on the concept that no one who benefits by the services or goods provided by another should be unjustly enriched thereby. Under such circumstances, the law implies a promise to pay a reasonable amount for the services or goods furnished, even absent a specific contract therefor. *See* 12 Williston, *A Treatise on the Law of Contracts*, §§ 1454, 1459 (N. Jaeger 1970).

■ *Quantum Meruit* is also one of the so-called common counts at law in early English jurisprudence. In an action for *assumpsit* the usual common counts were: "For goods sold and delivered, for work done for and material furnished the defendant at his request, for money lent, for money paid and expended at defendant's request, for money had and received to the plaintiff's use, and upon an account stated in an accounting between the parties." 5 R. Pound, *Jurisprudence*, § 34 at p. 474 (1959). *Quantum meruit* was the common

count employed in an action of *assumpsit* for work and labor, and provides an amount of recovery for the reasonable value of services rendered regardless of any agreement as to value. *Smith v. Bliss*, 44 Cal.App.2d 171, 112 P.2d 30 (1941).

■ The familiar, essential elements of recovery under *quantum meruit* include: (1) valuable services rendered for or materials furnished to the person sought to be charged; (2) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (3) under such circumstances as would reasonably inform the person sought to be charged that plaintiff, in performing such services, was expecting to be paid by the person sought to be charged. *See, e.g., Montes v. Naismith & Trevino Construction Co.*, 459 S.W.2d 691, 694 (Tex.Civ.App. 1970).

Plaintiff's second pendent State law claim is found in the Fourth Count, which alleges unfair competition. Commenting on California law of unfair competition, the outstanding California law scholar, Bernard Witken, has said:

> Where no valid trademark, copyright or patent exists in a particular name or design, one producer may freely copy the goods of another or use the same business name if no deception is involved. But if the goods or services are known to the public by such name, design or physical appearance, any imitation which has the effect of deceiving buyers as to the origin of the goods or services may be enjoined as unfair competition.

7 B. Witkin, *Summary of California Law*, § 73 at p. 5294 (8th ed.1974), and cases cited therein.

■ Having set forth the nature and elements of both the Federal law claims and the pendent State claims, the question becomes whether all such claims arise out of the same nucleus of operative fact? The answer clearly is no!

The set of operative facts necessary to assert a claim for either violation of the Lanham Act or copyright infringement is

not the same as the set of facts which must be pleaded to claim *quantum meruit*. *Quantum meruit* may be claimed in a whole range and variety of circumstances entirely distinct and separate from a factual setting supporting a claim for either false representation of a good or service, or the infringement of a registered copyright.

The same is likewise true for plaintiff Fontaine's State law claim for unfair competition. Although the issue of trademark violation under the Lanham Act is an aspect of the broader field of Federal unfair competition, it is clear that a party found guilty of State unfair competition, and even Federal unfair competition, has *not necessarily* violated the Lanham Act. *See Smithline Beckman Corp. v. Pennex Products Co.*, 605 F.Supp. 746, 749 (E.D. Pa.1985). In fact, in *Chevron Chemical Co. v. Voluntary Purchasing Groups*, 659 F.2d 695, 701 (5th Cir.1981), the Fifth Circuit recognized that a false representation under the Lanham Act, 15 U.S.C. § 1125(a), is "fundamentally different from the essential misrepresentation in 'unfair competition'." In *Chevron*, the Court of Appeals noted that in cases of unfair competition, or, as it is otherwise known, "passing off" or "palming off," the defendant misrepresents his goods to be those of another, whereas under 15 U.S.C. Section 1125(a), the defendant makes no secret of the origin of the goods in himself, but merely misrepresents certain qualities or characteristics that his goods may or may not have. *Id.*

Because both the State law claims for *quantum meruit* (unjust enrichment) and unfair competition may and do arise out of a set of operative facts different from that required to establish the Federal law claims, the pendent State claims should be dismissed by the Federal Court due to the Court's lack of an independent basis for jurisdiction over them.

■ 3. That even if the State and Federal claims arise out of the same or an identical nucleus of operative fact, dismissal of pendent State claims is particularly appropriate when keeping the State law claims in the Federal case would tend to complicate and confuse the issues or impede policies of judicial economy, convenience or fairness to the litigants. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

■ 4. That the Court additionally finds and concludes, among other reasons for exercising its discretion to dismiss the pendent State claims without prejudice to proceeding with them in State Court, that any attempt to try by jury the State law claims for *quantum meruit* (unjust enrichment) and unfair competition with the non-jury trial of the Federal claims for violation of the Lanham Act and the Federal Copyright Act, will tax the already overweening and intolerable load placed on the Federal Courts by diversity jurisdiction which forces them to decide State law claims that concededly are within the expertise of the State Courts. Further, to try the pendent State claims made here in Federal Court will tend to complicate the facts and confuse the issues to be considered by the jury and would require the Federal Court to entertain liability questions and damage awards not only under the Lanham and Copyright Acts by the judges, but also would require the Federal jury to entertain completely different liability questions and damage awards, including awards for mental distress and punitive damages, under the State law claims. Finally, permitting plaintiff Fontaine to proceed in Federal Court with the pendent State claims would work inevitable and unacceptable delay in the ultimate resolution of the Federal law claims. On the other hand, by proceeding in State Court with the pendent State claims, plaintiff Fontaine will receive speedy, adequate and complete relief without any inteference by a time limitations statute or any prejudice whatsoever arising out of dismissal of these pendent State claims in Federal Court.

5. That the Clerk of the Court is directed to file and enter this Order and serve copies of the same upon the Honorable Francis C. Whelan, District Judge, Central District of California; upon the Court of Appeals for the Ninth Circuit and Circuit

Judges Sneed, Anderson, and Canby; and upon counsel of record for all parties. At the same time, the Clerk shall return this file herein to Judge Whelan for all future proceedings.