## In re LEHAL REALTY ASSOCIATES, Debtor.

### Bankruptcy No. 89 B 20078.

United States Bankruptcy Court, S.D. New York.

April 2, 1990.

See also, Bkrtcy., 112 B.R. 590.

Robert P. Herzog, New York City, for Trust Co. of New Jersey.

Marvin Neiman, P.C., New York City, for Israel Halpern.

## DECISION ON MOTION AND CROSS MOTION FOR DEFAULT INTEREST AND MODIFICATION OF ATTORNEYS' FEES

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Trust Company of New Jersey ("TCNJ") has moved for an order pursuant to 11 U.S.C. § 506(b) of the Bankruptcy Code for interest accrued on the principal amount of its state court mortgage foreclosure judgment at the default rate specified in the mortgage note through the date on which the mortgaged property was sold by the Chapter 11 trustee. The sale occurred in accordance with the confirmed Chapter 11 liquidation plan which was successfully proposed by the mortgagee, TCNJ.

Israel Halpern, a general partner of the debtor, Lehal Realty Associates, cross-moved in opposition to TCNJ's motion for an order modifying the court's order dated December 22, 1989, which granted TCNJ's request for attorneys' fees.

On February 9, 1989, an involuntary petition for Chapter 11 relief was filed against the debtor partnership by one of its general partners in order to prevent the mortgagee, TCNJ, from proceeding with its foreclosure action against the debtor's only asset, a beneficial interest in a former golf course in Rockland County, New York.

By order dated October 16, 1989, this court confirmed a Chapter 11 plan of liquidation proposed by TCNJ. The golf course was sold at auction by the Chapter 11 trustee appointed in this case on February 13, 1990 for $7.6 million. After payment of all creditors' claims there remains a surplus of nearly $4 million for distribution to the individual partners of the debtor. TCNJ has been paid its principal claim in full, together with interest calculated by the state court with respect to the foreclosure judgment entered against the debtor on December 20, 1988. TCNJ was also awarded reasonable attorneys' fees by order of this court dated December 22, 1989.

### Post Judgment Interest

There is no question that TCNJ is an oversecured creditor within the meaning of 11 U.S.C. § 506(b), because its allowed mortgage foreclosure judgment claim is less than the value of the property which served as collateral for the claim. Accordingly, TCNJ is entitled to receive interest on its claim in accordance with 11 U.S.C. § 506(b), which provides:

> (b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

TCNJ contends that the amount of interest to which it is entitled is measured by the default rate specified in the mortgage note, which is higher than the 9% New York statutory rate with respect to unpaid judgments. Following the sale of the debtor's real estate pursuant to the Chapter 11 liquidation plan, TCNJ was paid the entire judgment, including costs, statutory interest at the judgment rate of 9% and reasonable attorneys' fees. It is now argued by TCNJ that the higher default rate provided for in the mortgage note should supersede the 9% statutory judgment rate and that TCNJ should be awarded additional interest in the sum of $94,540.91.

■ In determining the appropriate rate of interest it should be noted that for bankruptcy purposes, it is not essential that an oversecured claimant's right to interest be conditioned upon the existence of a consensual formula. Thus, an oversecured tax lien is entitled to interest notwithstanding that tax liabilities do not arise out of a contract. *U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. ——, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). After the entry of a judgment of foreclosure, the mortgagee is entitled to interest on the judgment at the legal rate only, even if the rate of interest after default as specified in the mortgage note is higher. *In re Herbert,* 86 B.R. 433, 436 (Bankr.E.D.Pa.1988); *In re Schwartz,* 77 B.R. 177, 180 (Bankr.S.D. Ohio 1987). This doctrine is based on the preclusive effect of the judgment and the fact that the judgment thereafter is determinative of the rights of the parties in accordance with the concept of *res judicata. See Montana v. U.S.,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

The cases cited by TCNJ are distinguishable because they depend upon a contract default rate of interest in cases where no foreclosure judgment was entered. *See,* e.g., *In re Hartsdale Associates,* 452 F.Supp. 67 (S.D.N.Y.1978). *In re Schaumberg Hotel Owner Ltd. Partnership,* 97 B.R. 943 (Bankr.N.D.Ill.1989); *In re Skyler Ridge,* 80 B.R. 500 (Bankr.C.D.Cal.1987); *In re Berry Estates, Inc.,* 34 B.R. 612 (Bankr.S.D.N.Y.1983); *In re Elmwood*

**590**

*Farm, Inc.*, 19 B.R. 338 (Bankr.S.D.N.Y. 1982).

### Attorneys' Fees

 The cross-motion for the repayment of attorneys' fees paid to TCNJ pursuant to this court's order dated December 22, 1989 is similarly flawed. The award of attorneys' fees was made after a hearing, on notice to all interested parties, including Israel Halpern, the cross-movant. The issue was litigated and objections to the allowance of attorneys' fees were considered when this court entered its order reducing the amount of the fees sought. Halpern should not be heard to attack collaterally a final order of this court after the time to appeal has expired. In any event, by having proposed and successfully consummated a creditor's liquidation plan, TCNJ is clearly entitled to attorneys' fees for having made a substantial contribution to this Chapter 11 case within the meaning of 11 U.S.C. § 503(b)(3)(D).

The cross-movant contends that the mortgage note, which provided for attorneys' fees, was no longer applicable after the entry of the foreclosure judgment, citing *In re McKillips*, 81 B.R. 454 (Bankr.N. D.Ill.1987), and *In re Schlecht*, 36 B.R. 236 (Bankr.D.Alaska 1983). These cases do not involve the allowance of fees to a creditor who has successfully proposed a Chapter 11 plan which was thereafter confirmed and consummated. The creditors in this case and the debtor's partners, including the cross-movant, Israel Halpern, will receive distributions as a result of the achievements of TCNJ's attorneys, whose legal services constituted a substantial contribution to this case. Halpern may not belatedly attack the order which was previously entered by this court allowing reasonable attorneys' fees to TCNJ.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

 2. TCNJ's motion for additional interest based upon the higher default rate contained in the former mortgage note is denied. The statutory judgment rate of interest, which was paid to TCNJ, governed the appropriate interest rate applicable to TCNJ's claim after the entry of the state court judgment of foreclosure.

3. The cross-motion by Israel Halpern to recover the attorneys' fees previously awarded and paid to TCNJ by order of this court dated December 22, 1989, is denied.

SETTLE ORDER on notice.