**Leon NOTRICA, Plaintiff–Appellant,**

**v.**

**BOARD OF SUPERVISORS OF the COUNTY OF SAN DIEGO; State of California; Paul Eckert, Ind. and as a Member of the Board of Supervisors of the County of San Diego; Tom Hamilton; Paul W. Fordem; Patrick M. Boarman; Leon L. Williams, as Members of the Board of Supervisors of the County of San Diego; City Council of City of Vista, California; Vista Sanitation District; Michael R. Flick, Ind. and as a Member of the City Council of**

the City of Vista, and as a Director of the Vista Sanitation District; Nancy C. Wade, Mayor; Lloyd Von Hayden; Eddie L. McClellan, as members of the city council of the City of Vista, California, and as Directors of the Vista Sanitation District; Lance Vollmer; Read C. Miller, Defendants–Appellees.

No. 89–55594.

United States Court of Appeals,
Ninth Circuit.

Argued Oct. 2, 1990.

Submitted Oct. 9, 1990.

Decided Feb. 20, 1991.

Louis E. Goebel, Goebel & Shensa, San Diego, Cal., for plaintiff-appellant.

Lewis P. Zollinger, Deputy County Counsel, San Diego, Cal., for defendants-appellees, Bd. of Sup'rs of County of San Diego, Paul Eckert, Tom Hamilton, Paul W. Fordem, Patrick M. Boarman, Leon Williams, and Lance Vollmer.

Jeffrey R. Davis, Higgs, Fletcher & Mack, San Diego, Cal., for defendants-appellees, City Council of City of Vista, Vista Sanitation District, R. Michael Flick, Mayor Nancy Wade, Lloyd Von Haden, Eddie L. Neal, and Gloria McClellan.

William R. Nevitt, Jr., Wright & L'Estrange, San Diego, Cal., for defendant-appellee, Read C. Miller.

Before WALLACE, Chief Judge, POOLE, Circuit Judge, and EZRA,* District Judge.

WALLACE, Chief Judge:

After dismissing Notrica's federal claims with prejudice pursuant to Fed.R.Civ.P. 12(b)(6), the district court dismissed his pendent state law claims. Notrica argues that the district court abused its discretion by failing to retain jurisdiction over the pendent state claims or, in the alternative, by failing to condition its dismissal of these claims upon a waiver of the applicable statute of limitations for the service of summons in state court actions. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

In March 1982, Notrica purchased an option on a parcel of land in northern San Diego County for the purpose of developing a mobile home park. In attempting to acquire the necessary permits for development, Notrica applied for sewerage service from the Vista Sanitation District. He experienced difficulties because his land was located outside the City of Vista. Despite the fact that he had no guarantee of sewerage service, Notrica made an application for development to the Planning and Environmental Review Board (Environmental Board). In November 1983, the Environ-

---

* Honorable David A. Ezra, United States District     Judge, District of Hawaii, sitting by designation.

mental Board approved his mobile home park development plan and conditionally granted a use permit.

Unhappy with the Environmental Board's decision, various private citizens appealed to the County Planning Commission. In January 1984, the Planning Commission denied the appeal and upheld the Environmental Board's decision. Pursuant to county law, the citizens appealed to the Board of Supervisors of the County of San Diego (Board). After a hearing, the Board reversed the decision on the grounds that "[s]ewer service is not available from the City of Vista within the foreseeable future and the cost of obtaining sewer facilities from alternative sources would render a low and moderate income housing project under this application fiscally infeasible."

Frustrated by the Board's decision against him, Notrica filed an action in the district court in July 1984 against the Vista Sanitation District, the Vista City Council, the Board, and various individuals (collectively, County Officials). Notrica alleged that the County Officials had conspired to defeat his development project, and in so doing had violated federal civil rights and antitrust law. In addition to the federal claims, Notrica alleged violations of state law. He contended that as a result of the County Officials' acts his application for a use permit was arbitrarily denied.

One day later, Notrica filed a substantially identical action in California state court against the same parties. Over the next few years, the parties filed many motions and engaged in substantial discovery in the federal court action. The state court action, however, lay dormant, and in November 1987 the California superior court dismissed Notrica's state action for failure to serve a summons within three years, a ruling that was later upheld on appeal.

Pursuant to Fed.R.Civ.P. 12(b)(6), the district court dismissed the last of Notrica's federal claims in November 1988 for failure to state a claim. As a result of this dismissal, all that remained in the federal action were Notrica's pendent state law claims. Notrica argued that the district court should not dismiss these claims or, alterna-

tively, it should condition its dismissal of the pendent claims upon a waiver by the County Officials of the three-year period for serving summons, so that he could proceed anew in state court with his state claims. *See* Cal.Civ.Proc.Code §§ 583.210, 583.230 (West Supp.1990). Because it determined that Notrica should be bound by his prior strategic decision not to proceed with the state court action, the district court unconditionally dismissed the pendent claims.

## II

We review for abuse of discretion the district court's dismissal of pendent state claims after its dismissal of related federal claims. *49er Chevrolet, Inc. v. General Motors Corp.*, 803 F.2d 1463, 1469 (9th Cir.1986), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1606, 94 L.Ed.2d 792 (1987); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985).

Federal courts are empowered by the Constitution to hear pendent state claims if "[t]he state and federal claims ... derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (*Gibbs*). However, this power should be exercised in a discretionary fashion, limited by "considerations of judicial economy, convenience and fairness to litigants." *Id.* at 726, 86 S.Ct. at 1139.

As an example of the proper discretionary exercise of pendent jurisdiction, the Court has said that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* The Court has recently stated that this language was not meant to "establish a mandatory rule." *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720 (1988) (*Cohill*). Although it warned against inflexible dismissal of pendent claims, the Court explained that, in the usual case, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and

comity—will point toward declining to exercise jurisdiction" over state law claims when all federal claims have been dismissed. *Id.*

Notrica argues that this not a "usual" case, and that therefore the dismissal of his federal claims should not result in the dismissal of his state claims. He relies on a number of cases decided by other circuit courts which hold that when a plaintiff would be time-barred from proceeding with his state law claims in state court, a federal court should not automatically dismiss those state claims when it disposes of the accompanying federal claims.

For example, the Third Circuit has held that a district court abuses its discretion in dismissing pendent claims without considering the fact that the plaintiff was time-barred from bringing those claims in state court. *Cooley v. Pennsylvania Housing Finance Agency*, 830 F.2d 469, 476 (3d Cir.1987) (*Cooley*). Other circuits agree that a district court should consider a statute of limitations bar as a factor in deciding whether to maintain jurisdiction over pendent claims. *See Giardiello v. Balboa Insurance Co.*, 837 F.2d 1566, 1571 (11th Cir.1988) ("Whether the state claims might now be barred by the state statute of limitations is an important concern."); *Henson v. Columbus Bank and Trust Co.*, 651 F.2d 320, 325 (5th Cir.1981); *Federman v. Empire Fire and Marine Insurance Co.*, 597 F.2d 798, 809 (2d Cir.1979) (holding that the district court did not abuse its discretion in considering the running of the state statute of limitations when deciding to retain jurisdiction over pendent claims); *O'Brien v. Continental Illinois National Bank and Trust Co.*, 593 F.2d 54, 64–65 (7th Cir.1979) (*O'Brien*) (stating that a plaintiff's "pendent claim should not be foreclosed by the passage of the time required to dispose of the federal claim").

The District of Columbia Circuit has fashioned another sort of remedy. Instead of advising a district court to maintain jurisdiction over solely pendent claims, that circuit instructed the trial court to dismiss the pendent claims on the condition that the defendant file with the state court a waiver of any applicable statute of limitations. *Financial General Bankshares, Inc. v. Metzger*, 680 F.2d 768, 778 (D.C.Cir.1982). By requiring such a waiver, a district court guarantees that a plaintiff may have his day in court in the state forum.

Notrica argues that, taken as a whole, these cases recognize an exception to the general rule that pendent claims should be dismissed if the federal claims are dismissed before trial. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. He urges that we adopt such an exception in our circuit, and that we hold that district courts shall either maintain jurisdiction over pendent claims or conditionally dismiss those claims in all situations where the plaintiff would be time-barred from bringing those claims in state court.

We disagree, however, that the other circuit cases dictate his proposed exception to general pendent jurisdiction doctrine. Rather, the cases cited by Notrica simply acknowledge that pendent jurisdiction "is a doctrine of flexibility," and that loss of the state claims should be considered. *Cohill*, 484 U.S. at 350, 108 S.Ct. at 618. Thus, fairness to plaintiffs sometimes dictates that a district court retain jurisdiction over claims that it might otherwise dismiss. *See id.* at 350 n. 7, 108 S.Ct. at 619 n. 7 (listing fairness as one of the factors guiding pendent jurisdiction determinations). For example, in *Cooley*, the case was removed from state to federal court by the defendant, over Cooley's strenuous objections. By the time the federal court dismissed Cooley's federal claims, the statute of limitations prevented him from proceeding with his state claims in state court. *Cooley*, 830 F.2d at 475–76. "Fairness to the litigant" therefore required that the federal court not dismiss the pendent claims. *Id.* at 476. In *O'Brien*, while the plaintiff pursued his federal and state claims in federal court, a change in the Illinois statute of limitations made it clear that he would not be allowed to bring the state claims in the Illinois courts if they were involuntarily dismissed by the federal court. *O'Brien*, 593 F.2d at 64–65. The court of appeals acknowledged the plaintiff's "good faith" and "diligence," and

held that the district court should retain jurisdiction over the pendent claims as a result of the time-bar to state prosecution. *Id.* at 65.

These decisions stand for the proposition that when a plaintiff has a suit solely in federal court and later has his federal claims dismissed, the fact that related state law claims would be barred by a state statute of limitations is "[a] relevant, though not determinative, factor to be considered by the Federal Court in exercising its discretion" over whether to retain jurisdiction of the state law claims. *Fontaine v. Home Box Office, Inc.*, 654 F.Supp. 298, 302 (C.D.Cal.1986). Such a rule promotes fairness to the parties, for it directs the district court to consider whether a plaintiff will be penalized "by the passage of the time required to dispose of the federal claim" when he or she has pursued the action diligently in federal court. *O'Brien*, 593 F.2d at 65. The rule also helps to conserve judicial resources, because it encourages plaintiffs to include all their claims in one action in one court system. By allowing the district court to consider the fact that the state claims cannot be brought elsewhere, it promotes the factors of fairness and judicial economy deemed important by the Supreme Court. *Cohill*, 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7; *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

Notrica, however, filed suit both in the state and federal courts. This fact, which was not present in any of the cases he cites as support for his position, compels a different result. We hold that once a plaintiff initiates multiple litigation by filing his state claims in both state and federal courts, it is not an abuse of discretion for the federal court to decline to consider a state court time-bar as a determinative factor in deciding whether to retain jurisdiction over pendent claims after dismissing federal claims. This result follows from the factors emphasized by the Supreme Court when discussing pendent jurisdiction. *Cohill*, 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7; *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139.

Where the plaintiff has already started proceedings in state court, fairness considerations do not weigh in favor of the plaintiff. For example, in this case, Notrica failed to serve the summons within the required time through his own lack of diligence. He was not surprised nor harmed by any change in the statute of limitations. He could have obtained a written stipulation extending the statutory time for serving the summons, thus protecting his right to appear in state court. *See* Cal.Civ.Proc. Code § 583.230 (West Supp.1990). Moreover, Notrica unilaterally controlled the status of his state court suit. For three years he could have preserved his state action by serving a summons. Fairness to the County Officials requires that the state court dismissal not be disregarded. As the district court stated, "[Notrica] already filed his state action, and let the three-year service expire through his own fault." Considerations of fairness do not make the ruling of the district court an abuse of discretion.

Furthermore, by rejecting Notrica's argument, we promote the values of judicial economy and convenience that underlie the doctrine of pendent jurisdiction. This doctrine springs in part from a desire to allow plaintiffs to try all related claims together in one judicial proceeding, in the hopes that plaintiffs can avoid double-tracking of lawsuits in state and federal courts. As discussed above, this rationale is promoted by a rule that allows a district court to consider time-bar problems that crop up while state and federal claims are being litigated together in federal court. However, when a plaintiff initiates double-tracking himself, as Notrica did, he flouts those considerations of judicial economy and convenience.

Notrica argues that because he did not proceed further than the filing of a complaint in state court, we should treat him as if he never filed in state court. It is clear, however, that the mere filing of the complaint added to the state court docket for three years, and later required the hearing of his appeal on the question of dismissal. From such a meager beginning as the filing of a complaint can come a great waste of judicial resources. If a plaintiff initiates

such double-tracking, and later is faced with time-bar problems such as those facing Notrica, the district court need not give determinative weight to these problems in deciding whether to retain jurisdiction over pendent claims after dismissal of all federal claims. By approving consideration of the time-bar limitation in one case and not the other, we encourage parties to file all related claims in only one judicial proceeding.

"It is not the function of a federal court to rescue a party from the danger of limitation by permitting the litigation of inappropriate matters in federal court." *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp.*, 711 F.2d 989, 1000 (11th Cir.1983). Because Notrica initiated double-tracked litigation in state and federal court, the district court did not abuse its discretion in dismissing those claims. *Cohill*, 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7.

AFFIRMED.