In re Anthony STENDARDO and Loretta Stendardo, Debtors.

Anthony STENDARDO and Loretta Stendardo, Plaintiffs,

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION c/o Sovran Mortgage Corporation, Defendants.

Civ.A. No. 90–6526.
Bankruptcy No. 89–10581S.
Adv. No. 90–0375.

United States District Court, E.D. Pennsylvania.

Feb. 5, 1992.

Final Order on Denial of Reconsideration April 22, 1992.

Irwin Trauss, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Joan P. Brodsky, Philadelphia, Pa., for defendants.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

### INTRODUCTION

In this bankruptcy appeal, the debtors, Anthony and Loretta Stendardo ("the Debtors"), have sought appellate review of an August 29, 1990 Order of the bankruptcy court allowing the Federal National Mortgage Association ("FNMA") to maintain a secured proof of claim against the Debtors in the amount of $9,955.70.

Jurisdiction over this bankruptcy appeal in this court is pursuant to 28 U.S.C.A. § 158(a) (West 1968 & Supp.1991). I have reviewed the record on appeal (Document No. 1), which includes an extensive stipulation of facts and the August 29, 1990 opinion and Order of the bankruptcy court, as well as the appellate briefs of the Debtors and FNMA (Document Nos. 4 and 6, respectively). For the reasons set forth below, I must vacate the August 29, 1990 Order insofar as it allows FNMA to maintain a secured proof of claim against the Debtors in the amount of $9,944.70, and remand this case to the bankruptcy court for entry of an Order limiting the secured proof of claim to $5,803.08 in accordance with the opinion which follows.

### BACKGROUND

The facts underlying this appeal are set forth in a stipulation contained in the record on appeal (Document No. 1, Tab 5).

In October 1970, Pasquale and Kathryn Stendardo, husband and wife, entered into a consumer loan agreement with an entity called Bogley, Harting, Mahoney and Lebling Inc. ("Bogley, Harting"). They signed a $7,250, 20-year note obligating them to Bogley, Harting. The note was secured by a mortgage against residential realty located at 2716 E. Birch Street, Phil-adelphia, Pennsylvania, which was also in the amount of $7,250. In November 1970, the note and mortgage were assigned to FNMA. By deed dated June 7, 1972, Pasquale and Kathryn transferred 2716 E. Birch Street to the Debtors.

On May 30, 1985, the Debtors filed a voluntary Chapter 13 bankruptcy petition. This Chapter 13 bankruptcy was voluntarily converted to a Chapter 7 bankruptcy by Order dated October 16, 1986. On February 11, 1987, FNMA obtained a default judgment in mortgage foreclosure against the Debtors for $6,391.09. The Debtors received a Chapter 7 discharge from their debts by Order dated January 10, 1989. They filed the instant Chapter 13 petition one month later on February 10, 1989.

On January 2, 1990, FNMA filed a secured proof of claim in the current bankruptcy case of the Debtors. It is the amount of the secured claim of FNMA that forms the crux of the dispute underlying this appeal. FNMA included in its proof of claim certain periodic sums that it expended after it received the foreclosure judgment and after the Debtors filed their current Chapter 13 case. These periodic payments were for real estate taxes, hazard insurance, and FHA mortgage insurance. The parties have stipulated to $5,803.08 as a starting point for calculation of the secured claim of FNMA. The disputed post-judgment and post-bankruptcy petition costs ("the expenditures") total $4,152.62.

### THE BANKRUPTCY COURT OPINION

The decision of the bankruptcy court is reported in *In re Stendardo*, 117 B.R. 833 (Bankr.E.D.Pa.1990). The court determined that the expenditures were properly included as a part of the secured claim of FNMA. Thus, this claim was valued at $9,955.70—the stipulated amount of $5,803.08, plus the expenditures ($4,152.62).

The bankruptcy court decision was based on two alternative grounds. First, the court rejected the argument of the Debtors that the doctrine of merger, which holds that the terms of a contract or mortgage on which a claim is based merge into a judgment and disappear, prohibited reim-

bursement of FNMA for the expenditures. *Id.* at 838–39. It found that the terms of the mortgage of the Debtors allowed FNMA to continue making these expenditures post-judgment. *Id.* Second, assuming *arguendo* that the doctrine of merger did apply, the bankruptcy court concluded that FNMA would still be entitled to include the expenditures in its allowed proof of claim, because the Debtors still had the legal obligation to pay these costs, and because it would constitute "unjust enrichment" to permit the Debtors to escape liability to FNMA for the expenditures. *Id.* at 840–41.

## DISCUSSION

### The Scope of Review on Appeal

The scope of review of the district court here is well-settled. Findings of fact of a bankruptcy court may not be set aside unless clearly erroneous. *In re Larry E. Brenner and Judith A. Brenner*, Nos. 89–8322, 89–8680, 1991 WL 214051, at *2–*3, 1991 U.S.Dist. LEXIS 15043, at *7–*8 (E.D.Pa. Oct. 18, 1991) (citing 11 U.S.C.A. Rule 8013; *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir.1988)). Legal conclusions of a bankruptcy court are subject to a plenary review on appeal. *Id.* (citing *Brown*, 851 F.2d at 84).

"Interpretation of an ambiguous contract is a question of fact." *In re F.A. Potts & Co., Inc.*, 115 B.R. 66, 68 (E.D.Pa.) (citing *STV Engineers, Inc. v. Greiner Engineering, Inc.*, 861 F.2d 784, 787 (3d Cir.1988)), *aff'd*, 922 F.2d 830 (3d Cir.1990). "However, the court must first determine whether the contract ... [is] ambiguous as a matter of law." *Id.* (citations omitted). If the contract or instrument in question is not susceptible to differing interpretations, it is not ambiguous. *Id.* at 70.

### The Doctrine of Merger

As the bankruptcy court acknowledged, Pennsylvania has long recognized the doctrine of merger, which provides generally that the terms of a mortgage or note are merged into a judgment and thereafter no longer provide the basis for determining the obligations of the parties. *In re Stendardo*, 117 B.R. 833, 837 (E.D.Pa.1990). The doctrine was addressed by the Supreme Court of Pennsylvania in *Lance v. Mann*, 360 Pa. 26, 60 A.2d 35, 36 (1948):

[i]t is elementary that judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised.... The cause of action is merged in the judgment which then evidences a new obligation.

*See also In re Lehal Realty Associates*, 112 B.R. 588, 589 (Bankr.S.D.N.Y.1990) (a judgment determines the rights of the parties in accordance with the concept of *res judicata*) (citing *Montana v. U.S.*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

The doctrine of merger is not without its exceptions. An exception relevant here provides that parties to a contract or mortgage may rely upon a particular term or provision post-judgment if they clearly evidence such an intent in the documents. *See, e.g., In re Presque Isle Apartments, L.P.*, 112 B.R. 744, 747 (Bankr.W.D.Pa. 1990).

The FNMA mortgage in question is excerpted in the opinion below. *In re Stendardo*, 117 B.R. at 836. The mortgage clearly provides that the Debtors must pay monthly not only principal and interest, but the sums which comprise the expenditures as well, namely, payments for real estate taxes, hazard insurance, and mortgage insurance. *Id.* From this the bankruptcy court concluded that the doctrine of merger did not prevent FNMA from including the expenditures in its secured proof of claim:

The mortgage between FNMA and the Debtors, as set forth at pages 835–836, *supra*, clearly provides that the Debtors assumed responsibility for, *inter alia*, the taxes and insurance charges due on ... [2716 East Birch Street, Philadelphia, Pennsylvania]. FNMA made these payments on their behalf. The mortgage provides that the amounts paid by FNMA for these charges may be included as part of the loan and secured by the mortgage.

*Id.* at 838–39.

This factual analysis does not preclude operation of the doctrine of merger. The inclusion of costs for real estate taxes, mortgage insurance, and hazard insurance in the mortgage as part of the monthly mortgage payment required by the Debtors does not authorize FNMA to include amounts expended for such items post-judgment in its secured proof of claim. As indicated in *In re Presque Isle Apartments*, 112 B.R. at 747, what is needed for such authorization is language in the mort-

gage which clearly indicates that the obligation of the Debtors to make monthly payments for these items continues even after FNMA obtains a judgment in a foreclosure action. I conclude as a matter of law that the language of the FNMA mortgage here (Document No. 1, Tab 5, Exhibit B) is not susceptible of such an interpretation, and, therefore, that in this regard, this mortgage is not ambiguous.

The cases cited by the court below do not support a contrary conclusion. Neither *In re Rorie*, 98 B.R. 215 (Bankr.E.D.Pa.1989), nor *In re Presque Isle Apartments* support the proposition that mere mention of an obligation in a mortgage is sufficient to continue the obligation post-judgment. In fact, both of these decisions support the need for clear language indicating that a term or clause in an agreement will remain operative after a judgment is obtained.

Thus, in *In re Rorie*, the bankruptcy court applied a statutory post-judgment interest rate where the FNMA mortgage in question did not state that the contract rate was to survive a judgment:

> As the debtor here has proposed to pay the entire allowed secured claim of FNMA, and as the mortgage instrument does not provide for the contract rate *to continue after judgment,* I agree with the debtor that . . . [pre-bankruptcy] interest runs here at the [statutory] rate of 6% from the entry of judgment until the commencement of this chapter 13 case.

*In re Rorie*, 98 B.R. at 219 (emphasis supplied) (citation and footnote omitted). The bankruptcy court applied the same reasoning and reached the same conclusion in *In re Presque Isle Apartments*:

> A mortgage merges with a judgment in foreclosure. . . . Once a claim is reduced to judgment, the legal rate of interest applies unless the documents evidence a clear intent to continue the contractual rate of interest post-judgment. . . . [The mortgagee's] . . . documents reveal no such intent. Therefore, after entry of judgment on February 18, 1986, . . . [the mortgagee] is only entitled to the legal rate of interest as long as the obligation is based upon the judgment.

*In re Presque Isle Apartments*, 112 B.R. at 747 (citations omitted).

The court below also cited *In re Smith*, 92 B.R. 127 (Bankr.E.D.Pa.1988), *rev'd on other grounds*, 98 B.R. 708 (E.D.Pa.1989), and *In re Herbert*, 86 B.R. 433 (Bankr. E.D.Pa.1988), in support of its decision to allow FNMA to include the expenditures in its secured proof of claim. The sums allowed to be included in the proof of claim of the mortgagee in these cases, however, were not for periodic payments of taxes, hazard insurance, or mortgage insurance, but for standard expenses incidental to a mortgage foreclosure action. *In re Smith*, 92 B.R. at 133 (filing and service charge of $223.50 and $400 for scheduling of sheriff's sale); *In re Herbert*, 86 B.R. at 435 ($1,224.15 incurred in the judgment execution process). *See generally* 22 Pennsylvania Practice 2d §§ 121:73–76 (1984) (describing the process attending enforcement of property mortgages).

*Unjust Enrichment*

 The bankruptcy court determined that even if the doctrine of merger did apply here, FNMA would still be entitled to include the expenditures in its secured proof of claim, because the Debtors still had the legal obligation to pay these costs, and because it would constitute unjust enrichment to permit the Debtors to escape liability to FNMA for the expenditures. *In re Stendardo*, 117 B.R. 833, 840–41 (Bankr. E.D.Pa.1990).

For the proposition that the Debtors still had the legal obligation to pay the expenditures, the bankruptcy court relied upon a series of cases that are distinguishable from the mortgage foreclosure context here. These decisions do not involve a setting in which a mortgagee has obtained a foreclosure judgment and seeks thereafter to hold a debtor liable for certain post-judgment payments; rather, they address the question of what obligations debtors are liable for as parties to an installment land sale contract that has yet to be foreclosed upon. *In re Rowe*, 110 B.R. 712, 714–15, 726 (Bankr.E.D.Pa.1990); *In re Capodanno*, 83 B.R. 285, 286–88 (Bankr. E.D.Pa.1988); *In re Fox*, 83 B.R. 290, 290–91 (Bankr.E.D.Pa.1988). Consequently, I conclude as a matter of law that these cases do not provide an alternative ground on which to allow FNMA to incorporate the expenditures in its secured proof of claim.

 The determination of the bankruptcy court that the doctrine of unjust enrichment also entitled FNMA to seek reimbursement in its proof of claim for the expenditures is also problematic. The elements needed to fulfill the doctrine of unjust enrichment are

> 'benefits conferred on . . . [the recipient of services] by . . . [the party performing the services], appreciation of such benefits by . . . [the recipient], and acceptance

and retention of such benefits under such circumstances that it would be inequitable for ... [the recipient of services] to retain the benefit without payment of value.'

*Burgettstown–Smith v. Langeloth,* 403 Pa.Super. 84, 588 A.2d 43, 45 (1991) (quoting *Wolf v. Wolf,* 356 Pa.Super. 365, 514 A.2d 901, 905–06 (1986)). In addition, the recipient of a benefit must be placed upon notice that the party performing the services expected to be paid. *Fontaine v. Home Box Office, Inc.,* 654 F.Supp. 298, 303 (C.D.Cal.1986); *Sachs v. Continental Oil Co.,* 454 F.Supp. 614, 619–20 (E.D.Pa.1978) (citations omitted).

■ Here, I must note at the outset that there is no showing in the record that the Debtors benefited from the post-judgment payment of the taxes and insurance premiums at issue. Receipt of a benefit by a party from whom reimbursement is sought is, by definition, a threshold requirement for recovery under the equitable doctrine of unjust enrichment. *W.F. Magann Corp. v. Diamond Mfg. Co., Inc.,* 775 F.2d 1202, 1208 (4th Cir.1985). Further, the appellate record does not reveal how, if at all, the Debtors were placed upon notice that FNMA was making the payments and that it expected to be reimbursed. Nor is this element discussed in the opinion below. Accordingly, I conclude as a matter of law that the bankruptcy court erred in holding that the doctrine of unjust enrichment provided FNMA with a basis for including the expenditures in its secured proof of claim.

## CONCLUSION

For the foregoing reasons, I shall vacate the August 29, 1990 Order of the bankruptcy court to the extent that it authorized FNMA to maintain a secured proof of claim against the Debtors in the amount of $9,944.70, and remand this case to the bankruptcy court so that it may enter an Order entitling FNMA to a secured proof of claim in the stipulated amount of $5,803.08. I realize that the conclusion reached today may reverberate beyond the parties to this appeal insofar as mortgagees continue to make periodic payments in connection with mortgages that do not clearly provide for the repayment of the pertinent obligations post-judgment. A solution may perhaps be found, however, in careful contract drafting, or, in the case of FNMA, in appropriate amendments to the statute or regulations governing FNMA mortgages. '

## FINAL ORDER

April 22, 1992.

AND NOW, this 22nd day of April 1992, upon consideration of the motion of the Federal National Mortgage Association ("FNMA") for reconsideration of the February 5, 1992 Order of this Court (Document No. 9), and the response of Anthony and Loretta Stendardo ("the plaintiffs") thereto, and having found that FNMA has essentially reiterated the arguments it made in opposition to the appeal of the plaintiffs, an improper basis for a motion for reconsideration, *see, e.g., Aiken v. Bucks Assoc. for Retarded Citizens, Inc.,* No. 91–2672, 1992 WL 13073, at *3, 1992 U.S. Dist. LEXIS 756, at *8–*9 (E.D.Pa. Jan. 23, 1992); *DiTommaso v. Union Central Life Ins. Co.,* No. 89–6323, 1991 WL 249977, at *2, 1991 U.S. Dist. LEXIS 17079, at *7–*8 (E.D.Pa. Nov. 25, 1991); *Macario v. Pratt & Whitney Canada, Inc.,* No. 90–3906, 1991 WL 98902, at *2, 1991 U.S. Dist. LEXIS 7429, at *4 (E.D.Pa. June 4, 1991) (" 'Whatever may be the purpose of ... [a motion for reconsideration] it should not be supposed it is intended to give an unhappy litigant one additional chance to sway the judge.' ") (citation omitted), it is hereby ORDERED that the motion of FNMA is DENIED.

IT IS FURTHER ORDERED that this case is hereby REMANDED to the bankruptcy court for the entry of an Order consistent with the February 5, 1992 Memorandum and Order of this Court. The jurisdiction of this Court is hereby relinquished.